HOYT BROTHERS, INC., *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—ORDINANCES—LICENSES—TEST AS TO VALIDITY—ARBITRARY POWER—CHARITY.

In determining validity of ordinance vesting in city manager power to grant license for soliciting funds, selling goods, etc., for charitable purposes, court will not indulge presumption that he will or will not act reasonably, but decision is con-

As to validity of statute or ordinance vesting discretion in public officials without prescribing a rule of action, see annotation in 12 A. L. R. 1435; 54 A. L. R. 1104.

trolled by legal proposition that it is requisite to validity of ordinance that it state standard for guidance of official who passes on application for license.

2. SAME—LICENSE TO SOLICIT FOR CHARITY—CONSTITUTIONAL LAW.
Ordinance vesting city manager with power to grant license for soliciting funds, selling goods, etc., for charitable purposes whenever it shall appear that charity is worthy one and persons making application are fit and responsible, is invalid as attempt to vest him with arbitrary power, where ordinance contains no rule by which to determine whether charity is ''worthy'' or applicant is ''fit and responsible.''

Appeal from Superior Court of Grand Rapids; Shaw (Arthur F.), J. Submitted October 19, 1932. (Docket No. 130, Calendar No. 36,809.) Decided December 6, 1932.

Bill by Hoyt Brothers, Incorporated, a New Jersey corporation, against City of Grand Rapids, a municipal corporation, to enjoin enforcement of an ordinance relating to solicitation for charitable purposes. Bill dismissed. Plaintiff appeals. Reversed, and decree entered for plaintiff.

*Grant Sims* and *William K. Clute,* for plaintiff.

*Dale Souter* and *Robert S. Tubbs,* for defendant.

NORTH, J. Plaintiff, a New Jersey corporation, is engaged in Grand Rapids and other cities in selling its merchandise through employees who solicit orders by a house to house canvass. The sales agents are each provided with a so-called certificate of identification, which among other things recites:

''The Passaic Home & Orphanage receives 10 per cent. of the net profits made by Hoyt Brothers, Inc., on the merchandise as shown on their regular price list. * * * Hoyt's representatives are not authorized to solicit or receive contributions.''

Plaintiff alleges in its bill of complaint that it and its employees are threatened by the city of Grand Rapids with prosecution under a city ordinance which prohibits solicitation for charitable purposes without first obtaining from the city manager a permit so to do. An injunction is sought to restrain the city from enforcing the ordinance against plaintiff and its employees for the reason that it is not applicable to its business of selling merchandise and also because the ordinance is unconstitutional and void. On defendant's motion the bill of complaint was dismissed in the superior court, it being there held that the ordinance was valid and that plaintiff's bill of complaint did not state a cause of action. Plaintiff has appealed, and the primary question for review is the validity of the ordinance. We quote it in part:

"An ordinance to license and regulate within the city of Grand Rapids, the soliciting of funds, the securing of subscriptions, or the selling of goods, wares and merchandise, the proceeds from which or any part thereof, are to be used for charitable purposes, and to prohibit false representations in connection therewith.

"SECTION 1. No person, firm, corporation, or society of any kind, nature, or description, including charitable, fraternal, or eleemosynary, his, its, or their agents, representatives, or employees, within the limits of the city of Grand Rapids shall sell or solicit funds the proceeds from which, or any part thereof, are to be used for any so-called charitable purposes, without first having secured from the city manager a written permit so to do."

Sections 3, 4, and 5 provide for a written application giving information concerning the solicitor, the articles sold, the charitable purpose, the portion of

sales proceeds used for charity, indorsement of at least six reputable citizens, investigation by a police officer, and report to the city manager, and that no fee shall be charged.

"Sec. 6. Whenever it shall appear to the city manager from such investigation and report that the charity is a worthy one and that the person or persons making the application are fit and responsible parties, he shall issue a permit to such person, firm, corporation or society."

The ordinance further provides for subsequent applications and renewals, and a penalty for violation.

Appellant urges invalidity of the ordinance in that it violates sections 1 and 16 of article 2 of the Michigan Constitution. These sections provide:

"Section 1. All political power is inherent in the people. Government is instituted for their equal benefit, security and protection.

"Sec. 16. No person shall be  *  *  *  deprived of life, liberty or property, without due process of law."

If, as claimed by appellant, the ordinance attempts to vest the city manager with arbitrary power in the exercise of which he may either grant or withhold the permit, the quoted constitutional provisions are violated and the ordinance is wholly void. Numerous cases of this character have been before this court, and the law is well settled.

"Reasonable regulations and a uniform rule of action in its determination are essential to the validity of a municipal ordinance and it may not be left to the arbitrary decision of an administrative officer or board." *Harrigan & Reid Co.* v. *Burton* (syllabus), 224 Mich. 564 (33 A. L. R. 142).

"Section of village ordinance prohibiting removal of wooden building within fire limits without permit from chairman of building committee is void where authority to grant permit attempted to be conferred on said chairman is unlimited and arbitrary." *Village of Durand* v. *Love* (syllabus), 254 Mich. 538.

See, also, *Melconian* v. *City of Grand Rapids,* 218 Mich. 397; *Postal* v. *Village of Grosse Pointe,* 239 Mich. 286.

"Where an ordinance states a standard for the guidance of the mayor in granting licenses thereunder, and his official discretion to grant or refuse a license upon investigating the facts is limited to determining whether the requirements prescribed by the ordinance have been met, and an abuse of discretion would be subject to review, it cannot be said that the ordinance is invalid because it delegates uncontrolled licensing power to him, with authority to arbitrarily grant or refuse." *Hughes* v. *City of Detroit* (syllabus), 217 Mich. 567.

In the instant case the power to issue a permit is vested in the city manager who grants such permit "whenever it shall appear * * * from such investigation and report (made by a police officer) that the charity is a *worthy one,* and that the person or persons making the application are *fit and responsible.*" The ordinance contains no rule or provision by which the city manager is to determine whether the charity is "worthy" or the applicant is "fit and responsible." In making his determination he may apply one or more of a great variety of qualifications which to the city manager may seem proper, or he may grant or refuse the permit solely on captious grounds. And he may apply one test to one applicant and another to another. The ordinance does not contain the slightest indication of the kind

or character of charity that is a "worthy one;" and likewise it is wholly silent as to what type of qualification would constitute an applicant for a permit "fit and responsible." We see no escape from the conclusion that the ordinance attempts to vest the city manager with an arbitrary power in the exercise of which he will say to one applicant "yes," and to another "no."

It is urged in appellee's brief: "It is to be presumed that the city manager will act reasonably;" and, "In order to hold this particular ordinance invalid, therefore, it is necessary to assume that the city manager will act arbitrarily and capriciously." We think it is not necessary, in passing upon the validity of this ordinance, to indulge in presumptions or assumptions one way or the other. Instead, decision is controlled by the legal proposition that it is requisite to the validity of the ordinance that it should state "a standard for the guidance" of the official who passes upon the application for the permit. *Hughes* v. *City of Detroit, supra.* The general and indefinite terms used in this ordinance wholly fail to comply with this requisite. For the reasons indicated the ordinance must be held invalid. A decree will be entered in this court granting injunctive relief in accordance herewith. Costs to appellant.

Clark, C. J., and McDonald, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.