COMMISSIONER OF STATE POLICE *v.* ANDERSON.

1. NUISANCE—FIRE HAZARD—DEFINITION.

A fire hazard is any building, premises, place or thing which by reason of its nature, location, occupancy, condition or use may cause loss, damage or injury to persons or property by reason of fire, explosion, or action of the elements (CL 1948, § 29.1).

2. SAME—FIRE PREVENTION ACT—REMEDY.

The fire prevention act must be administered with caution and the remedy prescribed be no greater than necessary to achieve the desired result (CL 1948 and CLS 1954, § 29.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur, Buildings § 17 *et seq.*; 37 Am Jur, Municipal Corporations § 297.
[2] 9 Am Jur, Buildings § 17.
[3] 9 Am Jur, Buildings § 36 *et seq.*; 39 Am Jur, Nuisances § 77.
[4] 9 Am Jur, Buildings § 38 *et seq.*
[5, 6] 9 Am Jur, Buildings § 36 *et seq.*

3. Same—Old Houses—Inherent Fire Hazards.

    That houses are old and dilapidated does not alone justify their razing or make them a nuisance as long as any inherent fire hazards are removed.

4. Same—Fire Hazard in Buildings.

    Something less than destruction of an entire building should be ordered where such will eliminate the danger or hazard of fire (CL 1948 and CLS 1954, § 29.1 *et seq*.).

5. Same—Elimination of Fire Hazard—Repairs.

    It is not necessary to order repairs or alterations to an old and dilapidated house where the need for such attention does not constitute the fire hazard, as the purpose of the fire prevention act is to eliminate the hazard, not to make the houses tenantable (CL 1948 and CLS 1954, § 29.1 *et seq*.).

6. Same—Elimination of Fire Hazards—Boarding Up Windows of Old Houses—Removal of Tarpaulins.

    Owner of 2 old and dilapidated houses is ordered to board up windows and other openings so as to keep out trespassers and vandals and remove tarpaulins, if oil soaked, and any other inherent sources of fire within 60 days and, upon failure to comply, the order to raze the buildings would be effective (CL 1948 and CLS 1954, § 29.1 *et seq*.).

7. Costs—Abatement of Nuisance—Modification of Order.

    No costs are allowed in proceeding to abate a nuisance in 2 old and dilapidated houses owned by defendant, where trial court's order to raze the buildings is modified by permitting him 60 days within which to eliminate inherent fire hazards (CL 1948 and CLS 1954, § 29.1 *et seq*.).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted October 5, 1955. (Docket No. 24, Calendar No. 46,404.)    Decided December 1, 1955.

Bill by Joseph A. Childs, Commissioner of Michigan State Police, against Walter E. Anderson to enforce order to abate fire hazards. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General, for plaintiff.

*Street & Sorensen (Harold M. Street,* of counsel), for defendant.

Butzel, J. This case arose through enforcement of the provisions of PA 1941, No 207, as amended (CL 1948 and CLS 1954, § 29.1 *et seq.* [Stat Ann 1952 Rev § 4.559(1) *et seq.*] ), the fire prevention act. After due notice, Joseph A. Childs, commissioner of the Michigan State police, filed a petition in the Ottawa county circuit court in chancery for an order to show cause why defendant, Walter E. Anderson, should not abate a fire hazard by razing the building and removing all rubbish and debris from the premises known as 312 River street, Holland. A like petition was filed in regard to the building at 306 River street, Holland. Attached to the petitions were the determinations of the fire hazard and the orders for abatement thereof. Answers were filed to each petition averring that the buildings did not constitute fire hazards under the law and that the order was arbitrary and unreasonable. By way of further answer and showing of cause why an order should not be entered, defendant asserted that all electrical lines to the buildings had been discontinued, that no gas, oil or other substance commonly used for heating or other purposes were being delivered to the premises, that the flues, chimneys and heating apparatus were not defective and, in any event, not in use, that there was no explosive or inflammable material, waste or other material in or about the premises, which were likely to create combustion, and that there was nothing in or about the

premises which, because of its inherent nature, would cause an otherwise preventable fire.

Upon trial the testimony of the witnesses proved these latter allegations of defendant to be true. Photographic exhibits of both the interior and exterior of the structures supplemented the testimony. Each of these houses owned by defendant is 2 stories in height with 1 story additions in the rear. While both are old and not things of beauty they are equal in appearance to many of the modest homes found in the older sections of cities and rural communities. Except for a plumbing concern which had occupied the rear of one for storage, the houses have been unoccupied for some time and appear to have suffered considerable damage through vandalism. The exteriors require some repairs but are in fair condition. It was shown that the chimneys were in bad condition, 1 having fallen on top of the roof, but these were not in use. A very large number of windows have been broken. The interiors have also been damaged to a considerable extent and require repairs. The plaster has been broken in a few places, some boards have been loosened, and a door appears to be off its hinges. A tarpaulin stretches across some windows and there may be places which are oily. There was considerable rubbish but that has been removed. As noted, utilities are turned off and there is nothing in the houses which would be likely to bring about spontaneous combustion. The only danger of fire would be that vandals and trespassers might start one. The cost of repairs or rehabilitation is not shown but it necessarily must be less than the value of the buildings if properly repaired. A witness for plaintiff admitted that, aside from the probability of the building itself taking fire, there was no greater chance that these houses would catch fire than the courthouse in which these cases were heard.

At the close of the proofs, attorney for defendant stated:

"We will make the offer here in open court, to remove any specific item that can be shown within the houses that are constituted and inherent fire hazard. If this tarpaulin is oily it will be taken out, if there is any trash that is oily it will be taken out and the houses will be boarded up securely so trespassers or vandals cannot gain access thereto."

However, the court refused defendant's offer and ordered the complete razing of the buildings, though he was initially hesitant about one of them. He did so principally because of the age and dilapidated condition of the 2 buildings and because he felt that boarding up would be but a temporary cure at best as the natural working of the elements would cause further deterioration. He further concluded that no matter how well-intentioned the defendant's offer, it would not meet the purposes of the act. The cases were consolidated for trial and are treated as one on appeal.

The statute, CL 1948, § 29.1 (Stat Ann 1952 Rev § 4.559 [1]), defines a "fire hazard" as:

"Any building, premises, place or thing which by reason of its nature, location, occupancy, condition or use may cause loss, damage or injury to persons or property by reason of fire, explosion, or action of the elements."

CL 1948, § 29.8 (Stat Ann 1952 Rev § 4.559[8]) further provides that on inspection for the discovery of the existence of a fire hazard the inspector shall report:

"Any building or premises, either public or private, which for want of repairs, lack of or insufficient fire escapes, automatic or other fire alarm apparatus or fire extinguishing equipment, or by reason of age or dilapidated condition, defective

electrical wiring or electrical equipment, defective chimneys, defective gas connections, defective heating apparatus, accumulation of rubbish, waste materials or inflammable substances or decorations, or from any other condition, or for any other reason whatsoever, may cause an otherwise preventable fire."

The commissioner may order that the building be repaired, razed, or have such things done to it as would protect the peace, security and safety of persons and property. On the hearing of the order to show cause, the court (CL 1948, § 29.13 [Stat Ann 1952 Rev § 4.559(13)]) "may modify or change the order of the commissioner according to the facts and circumstances as shown by the proofs, or he may affirm the order and direct compliance therewith upon such terms and conditions as he may impose."

Upon consideration of this statute and its purpose we are of the opinion that the facts in this case do not justify an order that the buildings be razed.

As plaintiff concedes, this statute must be administered with caution. The remedy prescribed should be no greater than is necessary to achieve the desired result. It was shown that the principal and only source of fire would be from trespassers or vandals. To say that the houses are old and dilapidated does not alone justify their razing or make them a nuisance. See 9 Am Jur, Buildings, § 40, pp 234, 235; 39 Am Jur, Nuisances, § 77, p 354. Defendant has offered to remove any inherent fire hazards. Defendant has also offered to board up the windows and in fact states in his brief that it has already been done. Aside from preventing vandalism this would also remove one of plaintiff's objections described by a witness as follows:

"If the building caught fire, these open windows would give draft and fresh air and speed the fire and spread it very rapidly."

It has been decided in a number of cases that something less than destruction of the entire building should be ordered where such will eliminate the danger or hazard. See 14 ALR2d 92; 9 Am Jur, Buildings, § 40, p 236. The need for repairs and alterations does not in this case constitute the fire hazard and therefore it is not necessary that we order them. The purpose of the statute is to eliminate the hazard, not to make the houses tenantable. This purpose can best be achieved in this instance by action less drastic than razing.

The decree of the circuit court should be modified so as to provide that the order to raze the buildings be affirmed unless defendant within 60 days boards up the windows and other openings so as to keep out trespassers and vandals, and also removes the tarpaulin, if oil soaked, and any other inherent sources of fire. If defendant complies, the order to raze the building shall be annulled and be of no effect. If defendant does not comply, the order shall remain effective. No costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.