CITY OF SAGINAW *v.* BUDD.

1. CONSTITUTIONAL LAW — MUNICIPAL ORDINANCE — ADMINISTRATIVE OFFICIAL — DELEGATION OF AUTHORITY — STANDARDS.
    Words "by reason of inadequate maintenance, dilapidation" are not vague when used in ordinance defining unsafe buildings and declaring them public nuisances, as against contention that ordinance is unconstitutional in delegating authority to administrative official without definable standards (Saginaw Ordinance No D-511, § 203[a]).

2. MUNICIPAL CORPORATIONS—POLICE POWER—BUILDINGS—NUISANCE.
    Municipal corporation has power to define unsafe building, declare it to be public nuisance, and cause abatement of nuisance when health and safety of community are imperiled by conditions in building.

3. SAME—POLICE POWER—DEMOLITION OF UNSAFE BUILDING.
    Municipal corporation has right, as part of police power, to compel demolition of unsafe buildings as defined by ordinance

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 240 *et seq.*
[2, 3] 13 Am Jur 2d, Buildings § 41.
    Constitutional rights of owner as against destruction of building by public authorities. 14 ALR2d 73.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

as constituting "a hazard to safety or health, or public welfare, by reason of inadequate maintenance, dilapidation, obsolescence, or abandonment" (Saginaw Ordinance No D-511, § 203 [a]).

4. COSTS—PUBLIC QUESTION—DEMOLITION OF BUILDINGS—NUISANCE.
No costs are allowed in action by city to abate a nuisance by demolition of house and garage, where a public question is involved (Saginaw Ordinance No D-511, § 203[a]).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 February 9, 1966, at Grand Rapids. (Docket No. 215.) Decided July 12, 1966. Leave to appeal granted by Supreme Court September 15, 1966. See 378 Mich 732.

Complaint by City of Saginaw, a muncipal corporation, against Harry Budd and Blanche Budd to have dwelling and garage in city declared a public nuisance and for order directing defendants to demolish structures. Judgment for plaintiff. Defendants appeal. Affirmed.

*Smith, Brooker, Harvey & Cook* (*Francis B. Drinan,* of counsel), for plaintiff.

*Joseph R. McDonald* for defendants.

BURNS, J. Plaintiff asks for a declaratory judgment holding that a dwelling and garage, located in the city of Saginaw and owned by the defendants, is a public nuisance; and for an order directing the defendants to demolish the structures or in the alternative for an order permitting the plaintiff to demolish them.

It is the plaintiff's claim that these buildings have deteriorated to a point where it is no longer economically feasible to repair them and that in their present condition the buildings are a danger to the health, safety, and welfare of the community. The plaintiff city specifically cites as authority the Saginaw general code, chapter 3, art 1, §§ 101, 102.

The buildings in question have not been inhabited since 1940, when the appellants moved away, although the house is used by the appellants to store some furniture and the garage still contains a 1934 model automobile. In 1956 the appellants took out 3 building permits; however, improvements were never completed under any of these permits.

In June of 1962 the housing inspector for the city visited the premises in question on a complaint in regard to the garage on the premises. He then ordered the appellants to demolish the garage, whereupon the appellants sought a permit to repair the garage, which was refused.

In September of the same year the housing inspector again visited the premises, this time with members of the fire and health departments.

On October 2, 1962, a letter was sent to the appellants signed by members of the housing, fire and health departments, ordering demolition of the buildings. No alternative to repair or abate the conditions was given.

The trial court found that the buildings constituted a health, fire, and safety hazard, and pursuant to ordinance D–511 as amended, chapter 3, art 1, § 101 of the Saginaw general code, ordered the buildings to be demolished within 90 days from the date of judgment.[1]

The defendants appeal, claiming that section 203 (a) of ordinance D–511 of the city of Saginaw is unconstitutional as an improper exercise of the police power of the municipality, and an improper delegation of legislative authority to an administrative official without definable standards. Second, the appellants contend that the city's action con-

---

[1] Since the submission of this case for decision, a motion for a continuance was filed and denied, plaintiff asking for permission to give evidence that a fire had occurred at said premises.

stitutes the taking of private property for public use without just compensation.

The ordinance in question, ordinance No D-511, § 203(a), provides that:

"All buildings or structures which are structurally unsafe or not provided with adequate egress, or which constitute a fire hazard, or are otherwise dangerous to human life, or which in relation to existing use constitute a hazard to safety or health, or public welfare, by reason of inadequate maintenance, dilapidation, obsolescence, or abandonment as specified in this code or in any other effective ordinance, are for the purpose of this section, unsafe buildings. All such unsafe buildings are hereby declared to be public nuisances and shall be abated by alteration, repair, rehabilitation, demolition or removal, in accordance with the procedure of this section or of article 1 of chapter 3 of the Saginaw general code."

The Saginaw general code referred to above, chapter 3, art 1, § 101.1 provides:

"Whatever annoys, injures or endangers the safety, comfort or repose of the public; offends public decency; interferes with, obstructs or renders dangerous any street, highway, navigable lake or stream; or in any way renders the public insecure in life or property is hereby declared to be a public nuisance."

The ordinance before us used the terms, "by reason of inadequate maintenance, dilapidation." These terms could scarcely be made more specific, and an examination of the photographic exhibits shows that no better terms, description or adjectives could be used to describe the condition of the buildings in question. Thus the appellants' contention that there has been an improper delegation of legislative authority to an administrative official without definable standards is without merit.

With regard to the appellants' claim that ordinance D–511 of the city of Saginaw is an improper exercise of the police power of the municipality, the Supreme Court in *Micks* v. *Mason* (1906), 145 Mich 212 (11 LRA NS 653, 9 Ann Cas 291) at page 214, stated:

"The question here is whether a municipality in pursuance to delegated authority to fix fire limits and to direct the manner of constructing buildings within such district with respect to protection against fire may, by ordinance, provide that a building not so constructed shall be deemed a nuisance and authorize its abatement as such. Such right was not negatived by *Village of St. Johns* v. *McFarlan*, 33 Mich 72 (20 Am Rep 671), and has never been denied by this Court."

The appellants' contention that aesthetics and the improvement of valuations of surrounding properties, rather than the exercise of police power was the true motive of the appellee's action is without merit. Suffice it to say that testimony at trial was taken indicating that the garage was a fire hazard to adjacent property and that rats had been seen about the premises. Certainly these circumstances imperil the health and safety of the community regardless of the aesthetic consideration.

The judgment and findings of the trial court are affirmed. No costs, a public question being involved.

HOLBROOK, P. J., and McGREGOR, J., concurred.