CITY OF SAGINAW *v.* BUDD.
OPINION OF THE COURT.

1. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—ORDINANCES.
Section of city ordinance declaring structurally unsafe buildings a nuisance requiring demolition *held,* unconstitutional and invalid as an improper exercise of the police power of the municipality and as an improper delegation of legislative authority to an administrative official without precise standards to guide his actions, where neither the ordinance nor the general building code set up definable standards (Saginaw Ordinance D-511, § 203[a]).

REFERENCES FOR POINTS IN HEADNOTES
[1]  37 Am Jur, Municipal Corporations § 156.
[2]  37 Am Jur, Municipal Corporations § 176.
  38 Am Jur, Municipal Corporations § 651.
[3]  37 Am Jur, Municipal Corporations §§ 118, 155.

2. MUNICIPAL CORPORATIONS—ABATEMENT OF NUISANCES—BUILDINGS.

A city has a right to proceed in court to abate a nuisance, without using unconstitutional city ordinance which purports to define certain building conditions as constituting a nuisance (Saginaw Ordinance D–511, § 203[a]).

DISSENTING OPINION.

O'HARA, ADAMS, AND BRENNAN, JJ.

3. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—BUILDING OR-
DINANCE—ABATEMENT OF NUISANCE—DELEGATION OF LEGISLATIVE
POWER.

*Municipal ordinance, which declared to be public nuisances all buildings which presented a "hazard to safety or health or public welfare, by reason of inadequate maintenance, dilapidation or abandonment" and required their abatement by alteration or demolition, was not an unconstitutional delegation of legislative authority to an administrative official, since the standard prescribed for action to be taken when a condition is present that is inimical to public health and welfare is presented in nonabstract terms that are specific and have an ordinary understandable meaning, and ordinance provides for a hearing and a record which can be reviewed on a basis other than purely subjective judgment (Saginaw Ordinance D–511, § 203[a]).*

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Burns and McGregor, JJ., affirming Saginaw, Borchard (Fred J.), J. Submitted January 9, 1968. (Calendar No. 10, Docket No. 51,560.) Decided September 25, 1968.

3 Mich App 681, reversed.

Complaint by City of Saginaw, a municipal corporation, against Harry Budd and Blanche Budd to have dwelling and garage in city declared a public nuisance and for order directing defendants to demolish structures. Judgment for plaintiff affirmed by Court of Appeals. Defendants appeal. Reversed.

*Smith, Brooker, Harvey & Cook (Francis B. Drinan,* of counsel), for plaintiff.

*Joseph R. McDonald,* for defendants.

KELLY, J. On October 2, 1962, the chief inspector of the inspections division of the city of Saginaw ordered defendants, by certified mail, to demolish the house and garage they owned on Andre street, in Saginaw, on or before November 1, 1962.

February 4, 1963, the city manager sent notice to defendants to obtain demolition permits within 10 days.

Defendants failed to comply, and on February 20, 1963, plaintiff filed complaint in the Saginaw circuit court, alleging:

"That plaintiff city of Saginaw has enacted an ordinance to protect the health, safety, welfare and morals of the people of the city of Saginaw, which ordinance provides minimum standards regulating and controlling the design, construction, quality of materials, use and occupancy, location and maintenance of all buildings and structures in the city and became effective on March 1, 1960, is known as the building code or the uniform building code, and hereinafter referred to as Ordinance D–511, as amended,"

and that defendants had failed to meet the requirements of the ordinance.

Defendants challenged the ordinance as an unconstitutional and improper exercise of police power.

The trial court in its opinion found "that said ordinance which plaintiff seeks to enforce is not an unwarranted exercise of police power", and in its judgment stated:

"Pursuant to the provisions of Ordinance D–511, as amended, and chapter 3, article 1, § 101, said buildings are a public nuisance by reason of inadequate maintenance, dilapidation and abandonment; and in order to abate said nuisance,

"It is ordered and adjudged, That defendants, their heirs, executors or assigns, cause the buildings at 207 North Andre street to be demolished within 90 days from the date hereof;

"It is further ordered and adjudged, That if defendants do not cause the buildings to be demolished within the above time limit, plaintiff may carry out said abatement within the meaning of chapter 3 of the Saginaw general code."

The fact that defendants again challenged the validity of the ordinance in the Court of Appeals is evidenced by the following from the opinion of the Court of Appeals* affirming the judgment and finding of the Saginaw circuit court (pp 683, 684):

"The defendants appeal, claiming that section 203(a) of Ordinance D–511 of the city of Saginaw is unconstitutional as an improper exercise of the police power of the municipality, and an improper delegation of legislative authority to an administrative official without definable standards. Second, the appellants contend that the city's action constitutes the taking of private property for public use without just compensation.

"The ordinance in question, Ordinance No D–511, § 203(a), provides that:

" 'All buildings or structures which are structurally unsafe or not provided with adequate egress, or which constitute a fire hazard, or are otherwise dangerous to human life, or which in relation to existing use constitute a hazard to safety or health, or public welfare, by reason of inadequate maintenance, dilapidation, obsolescence, or abandonment as

---

* *City of Saginaw* v. *Budd* (1966), 3 Mich App 681.

specified in this code or in any other effective ordinance, are for the purpose of this section, unsafe buildings. All such unsafe buildings are hereby declared to be public nuisances and shall be abated by alteration, repair, rehabilitation, demolition or removal, in accordance with the procedure of this section or of article 1 of chapter 3 of the Saginaw general code.'

"The Saginaw general code referred to above, chapter 3, art 1, § 101.1 provides:

" 'Whatever annoys, injures or endangers the safety, comfort or repose of the public; offends public decency; interferes with, obstructs or renders dangerous any street, highway, navigable lake or stream; or in any way renders the public insecure in life or property is hereby declared to be a public nuisance.'

"The ordinance before us used the terms, 'by reason of inadequate maintenance, dilapidation.' These terms could scarcely be made more specific, and an examination of the photographic exhibits shows that no better terms, description or adjectives could be used to describe the condition of the buildings in question. Thus the appellants' contention that there has been an improper delegation of legislative authority to an administrative official without definable standards is without merit."

In their appeal to this Court, defendants call attention to the fact that in *Commissioner of State Police* v. *Anderson* (1955), 344 Mich 90, 95 we said:

"To say that the houses are old and dilapidated does not alone justify their razing or make them a nuisance,"

and submit as their question No 1, the following:

"Did the trial judge of the lower court err in his ruling that the ordinance which appellee, city of Saginaw, seeks to enforce is not an unwarranted exercise of police power?"

Plaintiff-appellee admits that the ordinance in question (ordinance D–511) could be administered in an unconstitutional manner, but states that "this is precisely why the city of Saginaw has gone to court in this matter rather than performing the demolition under the provisions of the city ordinance."

We answer defendants-appellants' question No 1 in the affirmative. The ordinance discloses that there was an improper delegation of authority without definable standards, a greater delegation of authority without definable standards than delegations we have passed judgment upon and have declared unconstitutional in previous opinions. See *Osius* v. *City of St. Clair Shores* (1956), 344 Mich 693 (58 ALR2d 1079); *Hoyt Brothers, Inc.*, v. *City of Grand Rapids* (1932), 260 Mich 447; *O'Brien* v. *State Highway Commissioner* (1965), 375 Mich 545.

We in the past, as we will in the future, have recognized a city's right to proceed in court to abate a nuisance, and nothing in this opinion should be interpreted to prevent plaintiff taking further proper action against defendants.

We cannot, however, approve a judgment based on an invalid ordinance and, therefore, are granting appellants' request for relief:

"That section 203(a) of ordinance D–511 of the city of Saginaw, Michigan be declared unconstitutional as an improper exercise of the police power of the municipality, and as an improper delegation of legislative authority to an administrative official without precise standards to guide his actions, and that the action taken under said ordinance be set aside."

Reversed. Costs to defendants-appellants.

DETHMERS, C. J., and BLACK, and T. M. KAVANAGH, JJ., concurred with KELLY, J.

O'HARA, J. *(dissenting).* I am unable to agree with Mr. Justice KELLY. I find no constitutional infirmity in the Saginaw city ordinance.[1] Rather I agree with the Court of Appeals that the terminology "by reason of inadequate maintenance, dilapidation or abandonment", is specific and has an ordinary understandable meaning.

I do not read the cases relied upon by Justice KELLY as he does. *Osius v. City of St. Clair Shores*[2] turned upon the proposition that service stations were permitted in a particular zoned area only when authorized by the board of zoning appeals. However, the ordinance provided no standard which the appeal board could apply in making its judgment. The situation here seems to me to be quite different. To bring *Osius* to bear in this case the ordinance would have to, in legal effect, say "only such dilapidated or abandoned buildings as an appeal board approves are permitted." The point in *Osius* was that not all gasoline service stations were excluded —only those permitted by an appellate board empowered to act but without any ascertainable standard of action.

So, too, was the situation in *Hoyt Brothers, Inc., v. City of Grand Rapids.*[3] There it was the city manager who was authorized to grant or withhold permission to solicit funds if the soliciting charity were a "worthy" one. I do not find the case applicable here.

In *O'Brien v. State Highway Commissioner,*[4] it was the executive officer who could say "yes" to one

---

1 Saginaw Ordinance D–511, § 203(a).—REPORTER.
2 (1956), 344 Mich 693 (58 ALR2d 1079).
3 (1932), 260 Mich 447.
4 (1965), 375 Mich 545.

applicant to erect or maintain an advertising sign or device and "no" to another without any basis upon which to formulate a judgment. I regard the case as inapposite.

The ordinance we consider here defines in non-abstract terms a condition inimical to the public health and welfare. It provides for a hearing and a record which can be reviewed on a basis other than purely subjective judgment.

I would affirm the Court of Appeals for its reasons stated, and on the basis of the authority cited.

ADAMS and T. E. BRENNAN, JJ., concurred with O'HARA, J.