**The City of Danville, a Municipal Corporation, Plaintiff-Appellee, v. Ruth Hartley, Gerome DeGuissippi, Emett Heindle, and the Palmer American National Bank of Danville, Conservator of the Estate of Ruth Hartley, Defendants, Ruth Hartley, Defendant-Appellant.**

Gen. No. 10,951.

Fourth District.

October 31, 1968.

John R. Dean, of Danville, for appellant.

Wright and Young, of Danville (Wendell W. Wright, of counsel), for appellee.

CRAVEN, J., delivered the opinion of the court.

In November of 1967, the Circuit Court of Vermilion County entered an order for the demolition of a house at 721 Wayne Street, Danville, Illinois, finding it to be in an unsafe and hazardous condition and that it constituted a fire and health hazard. The defendant in that proceeding, and appellant here, Ruth Hartley, was ordered to remove all personal property from the premises and the City was authorized and directed to raze and demolish the house any time after thirty days from the date of the decree. A lien upon the premises for the costs involved was also provided by the decree. This appeal is from the order of the circuit court.

It is the contention of the appellant in this court that certain statutory conditions precedent to the order are missing, that the trial court abused its discretion in refusing a requested continuance and that the record is lacking the required evidentiary support for the decree. A determination in this matter requires a recitation of the chronology of this proceeding and of the procedural aspects of this case.

In March of 1957, the City filed a complaint against Ruth Hartley alleging her ownership of certain premises in Danville, described as 721 and 723 Wayne Street, alleging the existence of a nuisance and praying for an injunction. As to the premises at 721 Wayne Street, the complaint and the notice to the defendant alleged the existence of a fire hazard and demanded that the condition be remedied by removing old lumber and other trash

and litter from the premises. The present proceeding does not relate to 723 Wayne Street which, it appears, has been destroyed. An answer was filed in 1957.

Ultimately, in 1960, a decree was entered by the terms of which the City was granted the right and authority to go upon the premises and remove debris, and as to the premises at 721, the defendant was restrained and enjoined from keeping or maintaining any livestock or poultry on the premises.

Thereafter, in June of 1966, an amended complaint was filed by the plaintiff, pursuant to leave of court, for an order to demolish the building at 721, pursuant to the provisions of section 11–31–1, chapter 24, Ill Rev Stats 1965. In July of 1966, based upon a stipulation, the court entered an order that the defendant vacate the premises and that her then conservator should petition the court for authority to sell or otherwise dispose of the real estate and the improvements thereon. Thereafter proceedings to enforce the July, 1966, order were filed and the court was requested to find the defendant in contempt. In October of 1967, a petition was filed by the plaintiff seeking a modification of the July order and requesting that demolition be authorized. It was this request for modification that resulted in the decree being appealed in the instant case.

It is apparent from this recitation that this matter has been in litigation for more than ten years and that the City has persistently sought to abate that which it alleges to be a nuisance on the premises. Paragraph 11–31–1 of chapter 24, Ill Rev Stats 1967, is the statutory provision applicable to the motion of the City filed on October 9, 1967, for the demolition of the building at 721 Wayne Street. This statute provides:

"The corporate authorities of each municipality may demolish, repair or cause the demolition or repair of dangerous and unsafe buildings or uncompleted and abandoned buildings. No building may be

33

boarded up or otherwise enclosed. The corporate authorities shall apply to the circuit court of the county in which such building is located for an order authorizing such action to be taken with respect to any such building if the owner or owners thereof, after at least 15 days' written notice so to do, shall have failed to put such building in a safe condition or to demolish it. . . ."

Insofar as the 721 Wayne Street premises are concerned, the October, 1967, petition is essentially a new proceeding. The 15-day written notice contemplated in the quoted statutory provision does not appear of record nor is the stipulation of the parties that is the basis of the July, 1966, order sufficient to supply this deficiency.

██ We cannot say, however, that the absence of the notice here is such as to divest the court of jurisdiction of the subject matter. It is obvious that the statutory function to be served by the notice is to give the owner a choice of either demolishing the structure or putting it in safe condition. Considering that this matter has been in litigation for ten years, it is obvious that the continuing litigation has served the function of the notice and that, under the facts and circumstances here, the notice is not a condition precedent to further proceedings. As the court stated in City of Chicago v. James E. Mulligan Enterprises, Inc., 27 Ill App2d 481, 170 NE2d 13, 17 (1st Dist 1960) :

"The statute does not say that notice is a condition precedent to suit nor does it prescribe the form of notice. The time prescribed is related not to the bringing of suit, but to the application for an order directing demolition. Two things are intended to be accomplished by the notice: first, to give the owner the choice of demolishing the structure or putting it in safe condition; and second, having made his decision, to have not less than thirty days within which

34

to comply before the city asked for and got its order from the court. A legal proceeding was contemplated, and it must be assumed that in such a proceeding the legislature knew that time was given for the forming of issue and then trial, and not until then was the city in position to say to the court: 'We now want the order.' To construe the statute as defendants urge would give them not less than sixty days. In fact, it took fifteen months in this case."

To hold that there is a want of jurisdiction for failure to have a statutory notice after this matter has been in litigation for ten years and an abundance of pleadings have been filed, would do violence to reason and logic.

This record is barren of evidence as to the condition of the premises at any time approximating the time of the decree. There is early evidence in the proceeding as to the condition of the premises, and the pleadings allege subsequent repairs. The necessity for demolition, under the current circumstances, is not demonstrated in this record.

In City of Aurora v. Meyer, 38 Ill2d 131, 136-137, 230 NE2d 200, 203-204 (1967), the court stated:

"The law is well settled that in cases of this nature courts do not go further than is necessary to protect the public interest. Property may be ordered destroyed under certain conditions but only if the danger cannot be abated in any other way. It is only in cases where an absolute necessity exists that courts adopt the drastic method of correction by ordering destruction of the property. (Childs v. Anderson, 344 Mich 90, 73 NW2d 280; Echave v. City of Grand Junction, 118 Colo 165, 193 P2d 277.) In other words the remedy is limited to the necessities of the case. Where hazardous conditions may be remedied by repair without major reconstruction the building may not be destroyed. Albert v. City of Mountain Home, 81 Idaho 74, 337 P2d 377."

The judgment order for demolition must, therefore, be reversed and this cause remanded to the circuit court of Vermilion County with directions to proceed in accordance with the views herein expressed.

Reversed and remanded with directions.

SMITH, P. J. and TRAPP, J., concur.