CITY OF APPLETON, Respondent, v. BRUNSCHWEILER, Appellant.

*No. 185. Argued September 13, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 545.)

---

[2] *Sun Prairie v. Public Service Comm.* (1967), 37 Wis. 2d 96, 100, 154 N. W. 2d 360 and cases cited at note 5.

304

For the appellant there were briefs by *Tinkham, Smith, Bliss & Patterson*, attorneys, and *George A. Richards* of counsel, all of Wausau, and oral argument by *Mr. Richards*.

For the respondent there was a brief and oral argument by *David G. Geenen*, city attorney.

HALLOWS, C. J. The central issue on this appeal involves the construction of sec. 66.05 (1) (a), Stats.[1] As applied to the facts that section provides that an inspector of buildings may order an owner to raze his building which in the inspector's judgment is so old, dilapidated, or has become so out of repair as to be dangerous, unsafe, insanitary or otherwise unfit for human habitation, occupancy, or use and so that it would be unreasonable to repair it. The section also provides that if such a building can be made safe by repairs, the inspector may order the owner to repair and make the building safe and sanitary or to raze it at the owner's option. In sec. 66.05 (1) (b) [2] the standard of unreasonableness is the amount of

---

[1] "66.05 **Razing buildings; excavations.** (1) (a) The governing body or the inspector of buildings or other designated officer in every municipality, except in towns situated in a county of less than 15,000 population upon complaint of a majority of the members of the town board the circuit court, may order the owner of premises upon which is located any building or part thereof within such municipality, which in its judgment is so old, dilapidated or has become so out of repair as to be dangerous, unsafe, insanitary or otherwise unfit for human habitation, occupancy or use, and so that it would be unreasonable to repair the same, to raze and remove such building or part thereof, or if it can be made safe by repairs to repair and make safe and sanitary or to raze and remove at the owner's option; . . ."

[2] "(b) Whenever a municipal governing body, inspector of buildings or designated officer determines that the cost of such

the cost of repair, *i.e.*, whether the cost of repairs exceeds 50 percent of the value of the building. If the cost exceeds this standard, the repairs shall be presumed unreasonable and the building is a public nuisance.

Miss Brunschweiler argues there are two possible interpretations of sec. 66.05 (1) (a), Stats.—one, as found by the trial court, that if the cost of repairs are unreasonable the building inspector may order the building razed with no option to the owner and only if the property can be made safe by a reasonable cost of repairs may he give the owner the option to repair rather than raze. The other interpretation argued for by Miss Brunschweiler is that if a building can be made safe by repairs whether the cost thereof is reasonable or unreasonable, the owner is entitled to the option of repairing. Consequently, if this interpretation is accepted, a city would be required to make a finding that the building cannot be made safe by repairs reasonable or unreasonable in cost.

Statutes such as sec. 66.05 must be construed to promote its purpose and to effect its object. 50 Am. Jur., *Statutes,* p. 420, sec. 395 (1944) ; 82 C. J. S., *Statutes,* p. 593, sec. 323 (1953) ; *Scanlon v. Menasha* (1962), 16 Wis. 2d 437, 114 N. W. 2d 791. This section is to protect the public from exposure to the evils caused by buildings which have seriously deteriorated. *Siskoy v. Walsh* (1963), 22 Wis. 2d 127, 125 N. W. 2d 574, and to make this purpose effective, the legislature by sec. 66.05 (1) (b) makes repairs presumptively unreasonable beyond 50 percent of the value and declares such structures

repairs would exceed 50 per cent of the assessed value of such building divided by the ratio of the assessed value to the recommended value as last published by the state supervisor of assessments for the municipality within which such building is located, such repairs shall be presumed unreasonable and it shall be presumed for the purposes of this section that such building is a public nuisance."

public nuisances. By sec. 66.05 (3) an exclusive remedy is given the owner by which he may contest the reasonableness of the orders, but the owner has only thirty days to pursue it.

The statutes in other states have taken two approaches to the alternative of repair as a test for demolition. One is to give the owner an absolute election to make repairs regardless of cost or regardless of the cost in relation to value of the property. This is the construction argued for by Miss Brunschweiler here. The other approach places a limitation upon the right to make repair and thus makes the demolition remedy effective against a nonconsenting owner. *See* Daniel R. Mandelker, *Housing Codes, Building Demolition, and Just Compensation: A Rationale for the Exercise of Public Powers Over Slum Housing,* 67 Mich. L. Rev. (1969), 635. While it is true a municipality is required to use the least drastic way of removing a public nuisance and the owner must be given an opportunity to repair only if this is a reasonable alternative, Miss Brunschweiler places reliance on 7 McQuillin, *Municipal Corporations* (3d ed.), n. 2, p. 591, sec. 24.561; but the two cases cited for the proposition state no option is necessary if the repairs would be too substantial. A fair summary of the cases cited in 7 McQuillin, *Municipal Corporations* (3d ed.), nn. 12, 15, p. 593, and p. 18 of 1970 Cumulative Supplement, which reached the question, is that while some jurisdictions apparently grant an opportunity to repair in all cases, others do not grant the right if the repairs are unreasonable or impractical or amount to a substantial rebuilding of the structure or would be in excess of 50 percent of the value. This authority does not require a construction of sec. 66.05, Stats., to give the owner an option to repair in all cases.

We find nothing in the legislative history of ch. 335, Laws of 1959, which created sub. (1) (b) of sec. 66.05,

Stats., which shows an intent of the legislature to give the owner an option to repair a building to make it safe and sanitary if the cost of such repairs is unreasonable. Nor are we persuaded that sec. 66.05 (8) (b), which allows an owner to repair property offending aesthetic character of the immediate neighborhood or which produces blight, is determinative of the language of sec. 66.05 (1) (a) merely because both sections create public nuisances.

Miss Brunschweiler contends if sec. 66.05, Stats., does not give her a right to repair when the buildings may be made safe by such repairs, the section is unconstitutional. The cases relied on by McQuillin, *Municipal Corporations, supra,* cited for this proposition generally recognize there is no constitutional infirmity in a statute which prohibits unreasonable or impractical repairs or the substantial rebuilding of the structure. *See also:* Annot. *Constitutional rights of owner as against destruction of building by public authorities,* 14 A. L. R. 2d 73 (1950), at p. 92. One finds in the work of text writers general statements that property cannot be razed by a municipality if the conditions which make it a menace can be abated in any other recognized way, *see* 16 Am. Jur. 2d, *Constitutional Law,* p. 698, sec. 368 (1964). The cases cited for such general statements are to the point that no repairs need be allowed if they amount to a substantial rebuilding of the structure. An oft-cited case so stating is *Houston v. Lurie* (1949), 148 Tex. 391, 224 S. W. 2d 871; *see also: Polsgrove v. Moss* (1913), 154 Ky. 408, 157 S. W. 1133, relied on in *Boden v. Milwaukee* (1959), 8 Wis. 2d 318, 99 N. W. 2d 156. The cases [3] relied on by Miss Brunschweiler are not in point because they do not involve any finding that repairs would be unreasonable.

---

[3] *Miller v. Foster* (1943), 244 Wis. 99, 11 N. W. 2d 674; *Childs v. Anderson* (1955), 344 Mich. 90, 73 N. W. 2d 280; *In Application of Suffern* (1961), 12 App. Div. 2d 769, 209 N. Y. Supp. 2d 599.

We must conclude the trial court was correct in its construction of sec. 66.05, Stats.; that this section means that if the repairs to a building are unreasonable as defined in the statute the building must be razed even though it could be made safe by the expenditure of unreasonable cost of repairs.

*By the Court.*—Judgment and order affirmed.