WESTERVELT v NATURAL RESOURCES COMMISSION

1. STATUTES—DEPARTMENT OF NATURAL RESOURCES—POLLUTION—EN-
FORCEMENT—SPECIFIC METHODS—BROADNESS OF POWERS—CON-
STITUTIONAL LAW.

The statute which makes it the duty of the Department of
Natural Resources to "protect and guard against the pollution
of lakes and streams within the state, and to enforce all laws
provided for that purpose with all authority granted by law,
and to foster and encourage the protecting and propagation of
game and fish", provides no specific method by which the
department is to effectuate this purpose, and is therefore im-
permissibly broad and void and of no force or effect (MCLA
299.1 *et seq.*).

2. STATUTES—LEGISLATURE—DELEGATION OF POWERS—SUBORDINATE
BODIES—OFFICIALS—STANDARDS—PRECISENESS—CONSTITUTIONAL
LAW.

A legislative body may not delegate to another its lawmaking
powers; it may clothe a subordinate body or official with the
authority to say when the law shall operate, or as to whom, or
upon what occasion, provided that the standards prescribed for
guidance are as reasonably precise as the subject matter re-
quires or permits.

Appeal from Lake, Charles A. Wickens, J. Sub-
mitted January 7, 1975, at Grand Rapids. (Docket
No. 19992.) Decided July 21, 1975. Leave to appeal
granted, 395 Mich 765.

Complaint by Albert A. Westervelt, and others,
against the Natural Resources Commission and
Ralph A. MacMullan, Director of the Department
of Natural Resources, seeking a temporary injunc-

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur 2d, Fish and Game § 43.
[2] 16 Am Jur 2d, Constitutional Law §§ 240–243.

tion and a declaratory judgment as to the validity of proposed rules to regulate watercraft. Judgment for plaintiffs. Defendants appeal. Modified and affirmed.

*Ronald C. Wilson,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski,* Assistant Attorney General, for defendants.

Before: V. J. Brennan, P. J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

V. J. Brennan, P. J. In 1972, after a series of hearings, the Department of Natural Resources promulgated a set of rules designed to regulate watercraft and liveries on the Au Sable, Manistee, Pine and Pere Marquette Rivers. The rules divided portions of the rivers into sections and designated the uses to which these sections of the rivers may be put. On certain sections of the rivers the rules prohibited the use of any type of watercraft, while on other sections nonmotor watercraft or motor watercraft operating at slow, nonwake speeds were the only types of watercraft that were permitted to be operated. The rules also specified certain responsibilities of river users and imposed certain duties on livery operators or other persons who had watercraft for rent. These sections, however, applied only to those persons who had watercraft for rent "in a stretch of a river designated for non-motor watercraft use" or who used a "stretch of a river designated for non-motor watercraft use". Lastly, in addition to providing release and pickup points for watercraft, the rules established a scheme whereby a permit was required to be

carried in all watercraft using those portions of the rivers designated for nonmotor watercraft use. Such permits were available on a limited basis only and the number of available permits was scheduled to decrease over the years. Violation of any of these rules was stated to be a misdemeanor under the provisions of MCLA 299.3a; MSA 13.4.

In April, 1972, the plaintiffs herein, all boat and canoe livery operators, brought this action against the Natural Resources Commission and Ralph A. MacMullan, director of the Department of Natural Resources, seeking a temporary injunction against enforcement of the proposed rules and also seeking a declaratory judgment as to the validity of the proposed rules. Plaintiffs, by their complaint, alleged that the rules were invalid because they served to deny plaintiffs of various constitutional rights, because they were promulgated in a manner inconsistent with several provisions of the Administrative Procedures Act and because the Legislature had not delegated to the Department of Natural Resources the authority to promulgate such rules. On the same day as the complaint was filed, a temporary order was filed by the trial judge restraining defendants from carrying into effect or attempting to enforce the rules and ordering defendant to show cause why the temporary order should not be made a temporary injunction pending determination of the cause. On May 10, 1972, the date scheduled for the show-cause hearing, the trial judge issued an order, stipulated to by all parties, that the temporary restraining order be modified to permit administrative procedural matters to continue on the rules but continued the restraining order against enforcement of the rules. Defendants thereafter answered plaintiffs' complaint and filed a motion for summary

judgment under GCR 1963, 117.2(1) which was subsequently withdrawn.

Trial was held on November 23, 1973, and the case was submitted to the trial judge on a stipulated set of facts. After hearing arguments on both sides as to the legal issues involved, the trial judge, by opinion dated January 2, 1974, found in favor of plaintiffs and held that defendants, by enacting the complained of rules, exceeded the authority granted them by the Legislature. Additional findings were made by the trial judge after a motion was filed by defendants and a hearing was held thereon. Judgment in favor of plaintiffs was entered on April 1, 1974. It is from this decision that defendants now appeal presenting as the sole issue for our consideration the question of whether the defendants exceeded their authority in promulgating the complained of rules.

On this appeal defendants argue that the Legislature conferred the authority to promulgate such rules on the department by virtue of the provisions of MCLA 299.1; MSA 13.1, MCLA 299.2; MSA 13.2 and MCLA 299.3; MSA 13.3. The relevant portions of these sections provided:

"Sec. 1. There is hereby created a department of conservation for the state of Michigan which shall possess the powers and perform the duties hereby granted and imposed." MCLA 299.1; MSA 13.1.

"Sec. 2. * * * The commission hereby created may adopt such rules and regulations, not inconsistent with law, governing its organization and procedure, and the administration of the provisions of this act, as may be deemed expedient. Said commission may also make and enforce reasonable rules and regulations concerning the use and occupancy of lands and property under its control; may provide and develop facilities for outdoor recreation; may conduct such investigations as it may deem necessary for the proper administration of this

act; and may remove and dispose of forest products, incidental as required for the protection, reforestation and proper development and conservation of the lands and property under its control." MCLA 299.2; MSA 13.2.

"Sec. 3. It is hereby made the duty of the conservation department to protect and conserve the natural resources of the state of Michigan; to provide and develop facilities for outdoor recreation; to prevent the destruction of timber and other forest growth by fire or otherwise; to promote the reforesting of forest lands belonging to the state; to prevent and guard against the pollution of lakes and streams within the state, and to enforce all laws provided for that purpose with all authority granted by law, and to foster and encourage the protecting and propagation of game and fish." MCLA 299.3; MSA 13.3.

Defendants argue that they have been granted the authority by the Legislature to pass the rules here complained of. They contend that the statutes cited above grant them a wide-ranging power to protect our "riverine natural resources" by the promulgation of appropriate rules. Such an argument, if it is to succeed at all, must have as its basic premise the proposition that the rule-making power conferred by MCLA 299.2; MSA 13.2 confers on the Department of Natural Resources the power to pass such rules in order to effectuate the duties imposed by MCLA 299.3; MSA 13.3. Indeed, the first clause of the complained of rules stated that their purpose was to implement those provisions. The only purposes contained in MCLA 299.3; MSA 13.3 which could be said to be served by the complained of rules are those which make it the duty of the Department of Conservation (now the Department of Natural Resources) to "protect and guard against the pollution of lakes and streams within the state, and to enforce all laws provided

for that purpose with all authority granted by law, and to foster and encourage the protecting and propagation of game and fish". The act, however, provides no specific method by which the department is to effectuate this purpose nor does it even indicate what types of procedures are contemplated. The act attempts to delegate complete control of this area of state concern to the Department of Natural Resources without providing the agency with any workable standards by which it is to be guided in the performance of its task, as is required by present Michigan law.[1] *Saginaw v Budd,* 381 Mich 173; 160 NW2d 906 (1968), *O'Brien v State Highway Commissioner,* 375 Mich 545; 134 NW2d 700 (1965), *Osius v St. Clair Shores,* 344 Mich 693; 75 NW2d 25 (1956). Furthermore, the statute does not make reference to another statute which would supply the missing standards as was the case in *Pleasant Ridge v Governor,* 382 Mich 225; 169 NW2d 625 (1969). In *Osius v St. Clair Shores, supra,* at 698; 75 NW2d at 27, our Supreme Court said:

"There is no doubt that a legislative body may not delegate to another its lawmaking powers. It must promulgate, not abdicate. This is not to say, however, that a subordinate body or official may not be clothed with the authority to say when the law shall operate, or as to whom, or upon what occasion, provided, however, that the standards prescribed for guidance are as reasonably precise as the subject matter requires or permits."

We agree that the navigable rivers of this state

---

[1] This strict rule has been subject to criticism by some commentators, *see* Davis, Administrative Law, §§ 2.07 and 2.09, pp 102 and 108–109, and may, someday, be changed by our Supreme Court, *see People v Fields,* 391 Mich 206, 224–252; 216 NW2d 51 (1974) (Justice Levin's dissenting opinion). We, however, are bound to follow existing precedent.

are subject to a public trust and that the state has the power to regulate river use. We also agree that these are fragile streams and that when they are in danger of being harmed the Department of Natural Resources should and must step in to prevent that harm. The present statutes, however, attempt to give the Department of Natural Resources the authority to do so in an impermissible manner. The present statutes sweep too broadly and are not amenable to any saving construction. Such statutes must designate in greater detail the types of programs and remedies the department has the authority to implement and establish standards to guide the department in the exercise of their discretion.

For the foregoing reason, therefore, we hold that the rules here complained of are void and of no force or effect since they were promulgated pursuant to a statute which delegates rule-making power to the Department of Natural Resources in an impermissible manner.

Affirmed as modified.