STATE, *ex rel* DIRECTOR OF THE MICHIGAN DEPARTMENT OF
NATURAL RESOURCES v CHIPPEWA LANDING

1. ADMINISTRATIVE LAW—DEPARTMENT OF NATURAL RESOURCES—DEL-
   EGATION OF RULE MAKING AUTHORITY—STATUTES.

   The act in which the Legislature delegates to the Department of
   Natural Resources the authority to promulgate rules regulating
   the use of lands and property under its control, other than
   state parks and recreation areas, is constitutional, and the
   rules promulgated under it are valid (MCLA 299.1 *et seq.;* MSA
   13.1 *et seq.).*

2. COURTS—COURT OF APPEALS—CASE PRECEDENT.

   A panel of the Court of Appeals is not bound by a decision of
   another panel of the Court, nor is the Court of Appeals bound
   by prior case law which is no longer considered viable.

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted April 12, 1977, at Lansing. (Docket No.
29871.) Decided March 20, 1978.

Complaint by the State of Michigan, on the
relation of the Director of the Michigan Depart-
ment of Natural Resources, against Chippewa
Landing, Charles H. Miltner, proprietor and
owner, and others for injunctive relief preventing
the defendants from continuing to use state lands
in violation of an administrative regulation. Sum-
mary judgment for defendants. Plaintiff appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Thomas J.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 289–314.
[2] 20 Am Jur 2d, Courts §§ 186, 231.

*Emery,* Assistant Attorney General, for the plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P. C.,* for defendants.

Before: R. M. MAHER, P. J., and M. J. KELLY and J. J. KELLEY,* JJ.

M. J. KELLY, J. This appeal is limited to a review of the constitutionality of MCLA 299.1 *et seq.;* MSA 13.1 *et seq.,* and certain rules of the Department of Natural Resources promulgated under its authority.

Under MCLA 299.1 *et seq.;* MSA 13.1 *et seq.,* the Department of Natural Resources has acquired lands, or rights in lands, fronting or abutting on boatable waters within Michigan. There are about 250 access sites in the state. Twenty-three of the sites, including access sites and state forest campgrounds with river access, exist along the Pere Marquette River in Lake County, Pine River in Lake County, Manistee River in Crawford and Kalkaska Counties, Au Sable River in Crawford and Oscoda Counties, and the south branch of the Au Sable in Crawford County. These sites are the subject of the instant controversy.

The department promulgated rules for the use of state lands other than state parks and recreation areas by the authority granted under MCLA 299.1 *et seq.;* MSA 13.1 *et seq.,* and provisions of the Michigan Administrative Procedures Act, MCLA 24.231–24.264; MSA 3.560(131)–3.560(164). The rules were filed with the Secretary of State on June 9, 1972, and became effective 15 days later.

The rule challenged here is 1972 AACS, R

---

* Circuit judge, sitting on the Court of Appeals by assignment.

299.331 of the State Administrative Code. The rule restricts the period of time persons can leave boats, fishing shanties, or other items of personal property upon state lands, and restricts the use of state lands for business or commercial purposes without proper written permission.

Defendants are in the business of renting canoes on boatable waters in Michigan. They did not apply for permits to use public access sites.

On August 16, 1973, the department filed this action in Ingham County Circuit Court. The department alleged that defendants' use of the access site to store their canoes was a commercial use, one which frequently interfered with the use of the sites by other members of the public, and that defendants lacked permits from the department. The department sought temporary and permanent injunctive relief to prevent defendants from continuing to use the state lands in violation of rule 299.331.

On May 28, 1974, the defendants' motion for summary judgment was denied by the court although apparently no formal order was entered.

On June 2, 1975, the circuit court entered an order of preliminary injunction against the defendants. Specifically, the defendants were enjoined and restrained from storing, stacking or in any way leaving any boat, canoe, or other property upon state owned or administered lands for a period in excess of 48 hours.

The defendants filed a second motion for summary judgment which was brought on for hearing on July 16, 1976. Following that hearing the court granted defendants' motion for summary judgment, and plaintiffs appeal that ruling.

The trial court based its ruling on the decision of this Court in *Westervelt v Natural Resources*

*Commission,* 62 Mich App 539; 233 NW2d 640 (1975), *lv granted,* 395 Mich 765 (1976). It held that the Department of Natural Resources lacked the authority to promulgate or enforce the rules and regulations which it had attempted to assert as binding upon the defendants.

Factually, the *Westervelt* case is very similar to the instant case. Noting that the act, MCLA 299.1–299.3; MSA 13.1–13.3, was adopted to help protect and conserve the natural resources of Michigan, the *Westervelt* panel stated:

> "The act, however, provides no specific method by which the department is to effectuate this purpose nor does it even indicate what types of procedures are contemplated. The act attempts to delegate complete control of this area of state concern to the Department of Natural Resources without providing the agency with any workable *standards* by which it is to be guided in the performance of its task, as is required by present Michigan law." (Emphasis added.) 62 Mich App at 544.

The court observed that the so-called nondelegation rule has been criticized and may be changed by our Supreme Court. 62 Mich App at 544, n 1, *citing* Davis, Administrative Law Treatise, §§ 2.07 and 2.09, pp 102 and 108–109, *People v Fields (On Rehearing),* 391 Mich 206, 224–252; 216 NW2d 51 (1974) (Justice LEVIN's dissenting opinion), overruled in part in a recent opinion, *People v Peters,* 397 Mich 360–369; 244 NW2d 898 (1976). The *Westervelt* Court ultimately held that the statute delegated rule-making power to the Department of Natural Resources in an impermissible manner. Section 3a of the statute was notably not discussed, however.

There is no indication in the *Westervelt* opinion of why the panel refrained from reviewing § 3a of

this challenged statute. Section 3a provides in part:

"The commission of conservation shall make such rules for protection of the lands and property under its control against wrongful use or occupancy as will insure the carrying out of the intent of this act to protect the same from depredations and to preserve such lands and property from molestation, spoilation, destruction or any other improper use or occupancy." MCLA 299.3a; MSA 13.4.

This section also provides that the rules will be promulgated in accordance with the Administrative Procedures Act of 1969, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.*

More than a year after *Westervelt* was decided by the Court of Appeals, another panel of the Court in *Michigan Oil Co v Natural Resources Commission,* 71 Mich App 667; 249 NW2d 135 (1976), *lv den,* 399 Mich 892 (1977) (Justice LEVIN would grant leave to appeal), discussed the scope of the authority of the Department of Natural Resources to regulate utilization and conservation of all the state natural resources under the challenged statutory sections. The *Westervelt* holding that the statutory sections were unconstitutional was not mentioned by the Court. The Court recognized and upheld without comment the department's authority to promulgate rules and regulations under the challenged sections. The Court also stated:

"While we approve of administrative agencies demonstrating a degree of flexibility in perceiving and reacting to new problems or dealing with past mistakes, the procedural safeguards contained in the Administrative Procedures Act, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.*, must also be recognized as the public's first

defense against arbitrary agency action." 71 Mich App at 694–695.

This case was argued in April of 1977. We were under the impression that the Supreme Court was on the very brink of issuing its decision in *Westervelt.* At each succeeding conference of the Supreme Court we have anticipated the issuance of its opinion and have been disappointed. We elect to delay no longer but issue this opinion on our surmise of what the Supreme Court will do in *Westervelt.* We apprehend with Professor Kenneth Culp Davis that a legislature may delegate to some extent to an administrative body significant rule-making powers though the exercise thereof amounts to law making. "Workable standards" should no longer be the exclusive focus for determining the validity of delegation statutes. The emphasis should be on safeguards. See generally Davis, Administrative Law Text (3d ed), §§ 2.06–2.10, pp 36–52. Professor Davis suggests:

"Five principal steps should be taken to alter the non-delegation doctrine and to move toward a system of judicial protection against unnecessary and uncontrolled discretionary power: (a) the purpose of the non-delegation doctrine should no longer be either to prevent delegation or to require statutory standards; the purpose should be the much deeper one of protecting against unnecessary and uncontrolled discretionary power; (b) the exclusive focus on standards should be shifted to an emphasis more on safeguards than on standards; (c) when legislative bodies have failed to provide standards, the courts should not hold the delegation unlawful but should require that the administrators must as rapidly as feasible supply the standards; (d) the non-delegation doctrine should gradually grow into a broad requirement extending beyond the subject of delegation—that officers with discretionary power must do about as much as feasible to structure their

discretion through appropriate safeguards and to confine and guide their discretion through standards, principles, and rules; (e) the protection should reach not merely delegated power but also such undelegated power as that of selective enforcement." Supra at 43.

We hold the instant statute constitutional, and the rules promulgated under it valid. In so holding we are, in effect, speculating that the Supreme Court will reverse *Westervelt, supra.* 395 Mich 765.[1] The *Westervelt* court ruled that the instant statute was unconstitutional for lack of "workable standards". We are not bound by the decision of another panel of this Court, nor are we bound by prior case law that is no longer considered viable. *Topps-Toeller, Inc v City of Lansing,* 47 Mich App 720, 730; 209 NW2d 843 (1973), *lv den,* 390 Mich 788 (1973).

Reversed and remanded for trial.

---

[1] On the date that this opinion was decided the Supreme Court did in fact reverse *Westervelt. Westervelt v Natural Resources Commission,* 402 Mich 412; 263 NW2d 564 (1978).