OOSTERWYK and another, Appellants, v. CITY OF MILWAUKEE, Respondent.*

*April 6—May 5, 1959.*

* Motion for rehearing denied, with $25 costs, on June 26, 1959.

162

For the appellants there was a brief and oral argument by *Gerhardus Oosterwyk* of Milwaukee, *pro se.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Peter M. Stupar,* assistant city attorney, and oral argument by *Mr. Stupar.*

MARTIN, C. J.   The only question involved on this appeal is whether there is sufficient evidence to support the jury's finding that the lien of $1,500 was reasonable.  Appellant Oosterwyk, acting as his own attorney, dealt with many matters in his brief and oral argument which are outside the record and can have no bearing on the decision in this case.

The razing of the appellants' buildings, out of which this action arises, was done by the town of Granville pursuant to the provisions of sec. 66.05, Stats.  Sub. (1) of said section provides that where, in the judgment of the inspector of buildings of a municipality, a building is so old, dilapidated, or out of repair and unrepairable, as to be "dangerous, unsafe, insanitary, or otherwise unfit for human habitation, occupancy, or use," the inspector may order the owner of the premises to raze and remove the building.  The order

shall specify the time in which the owner shall comply therewith and shall be served on the owner in the same manner as a summons is served. Sub. (2) of the section provides that if the owner shall fail or refuse to comply within the time prescribed, the inspector shall cause such building to be razed and removed and the cost of such razing and removal shall be charged against the real estate, be a lien thereon, and be assessed and collected as a special tax.

Sec. 66.05 (3), Stats., provides that "Anyone affected by any such order shall within thirty days after service of such order apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing such building or part thereof or forever be barred. . . ."

Sub. (5) of sec. 66.05, Stats., provides for the issuance and service of an order for the removal of personal property by a certain date, and if it is not removed "the inspector may store the same, or may sell it, or if it has no appreciable value he may destroy the same." In case the property is stored the amount paid for storage shall be assessed and collected as a special tax against the real estate. The owner must be notified of the place of its storage, and if it is not claimed by him, it may be sold after six months and the proceeds, if any, after deducting the expenses of razing and removal, remitted to the circuit court with a report of the sale. Anyone affected by such order may appeal as provided in sub. (3).

The proceedings outlined by the statute were adhered to by the town of Granville in this matter. Appellants were duly served with the order of condemnation of November 2, 1950. There was no compliance with the order and no attempt by appellants to follow the provisions of sec. 66.05 (3), Stats., for a review of the condemnation order.

On May 21, 1951, appellants were served with an order to remove personal property from the premises within ten days. They failed to comply.

On January 3, 1953, the buildings were razed by the town, the personal property having been removed therefrom by the building inspector.

On March 19 and 20, 1953, appellants were notified of the place where the personal property was stored and if they did not claim it within six months from January 3, 1953, it would be sold. The property was not claimed and there was no appeal from that order, as provided by sec. 66.05 (5), Stats.

Sec. 66.05, Stats., has been held constitutional. *Baker v. Mueller* (7th Cir. 1955), 222 Fed. (2d) 180. The remedy provided in sub. (3) of the statute being exclusive, and the appellants not having seen fit to pursue it, they are "forever barred."

The evidence as to the expenses incurred by the town of Granville in connection with the razing and removal of appellants' buildings shows the following facts: Appellants' personal property and animals were removed to the farm of Harold Guenther for storage and care. Guenther's charges therefor, covering the period January 3, 1953, to August 3, 1953, amounted to $1,583. His charges for care and feeding of the goats, sheep, and poultry were based upon charges made by the humane society for boarding animals. In August the town sold Guenther the animals and personal property for the amount of the care and storage.

The town employed four dump trucks to remove the personal property and animals from appellants' premises. It used a snowplow to push the sheds down. Six highway-department workers were employed in these operations. The debris was set afire and eight firemen and a fire truck were

on the scene for two to three hours. The use of the fire engine alone had a value of $500 an hour, that being the amount agreed upon between the town of Granville and the village of Bayside for use of a piece of Granville fire equipment at a Bayside fire. The town paid $209.53 for labor.

Lawrence G. Wickert, attorney for the town of Granville, testified that on the basis of $15 per hour for his professional services, the legal work he had done with respect to the razing and removal, including time necessarily spent on the several actions brought by appellants against the town in this matter, totaled $1,500 in legal fees, which Wickert was paid by the town.

There is evidence that the town invited bids for the razing of the buildings and received a bid in the amount of $994. This amount covered razing and removal only. Even if the town had accepted the bid instead of razing the buildings itself, it would still have incurred the expenses of removing and storing the personal property, as well as Wickert's legal fees.

Appellants presented no evidence whatever to show that the charges recited above were unreasonable and excessive. On the contrary, it appears that the amount of the lien is considerably less than the evidence would have warranted. We must conclude that the evidence amply supports the jury finding that the amount of the lien was reasonable, and the court properly entered judgment on the verdict.

*By the Court.*—Judgment affirmed.