FAIRFIELD and another, Appellants, v. WOLTER and others, Respondents.

*May 3—June 7, 1960.*

522

524

For the appellants there was a brief and oral argument by *Earl L. Kennedy* of Rhinelander.

For the respondents there was a brief and oral argument by *Frank W. Carter, Jr.,* of Eagle River.

BROWN, J.  The proceedings of the town board were in attempted compliance with sec. 66.05, Stats., dealing with the razing of buildings. The material parts of the statute are contained in sub. (1) and provide: The governing body of every municipality may order the owner of premises upon which is located any building which in their judgment is so old, dilapidated, or has become so out of repair as to be dangerous, unsafe, insanitary, or otherwise unfit for human habitation, occupancy, or use and so that it would be unreasonable to repair the same, to raze and remove such building;

that the order shall specify a time in which the owner shall comply therewith; that the order shall be served on the owner of record or his agent where an agent is in charge of the building and upon the holder of any incumbrance of record in the manner provided for the service of a summons in circuit court; and if the owner or holder of an incumbrance of record cannot be found the order may be served by posting it on the main entrance of the building and by publication in the official newspaper of the municipality for two consecutive publications at least ten days before the time limited in the order commences to run.

Over the objection of the defendants, who attempted to limit the issue to the validity of the board's order and the plaintiffs' noncompliance within the ninety days specified in the order, the trial court granted plaintiffs a complete trial in which to admit testimony concerning the state of repair and the condition of the Fairfield dwelling. Such trial convinced the court that the town board had abused its discretion in ordering the building to be razed. The court considered that the condition of the dwelling was not such as would justify razing it. But the court concluded that the procedure of the board complied with statute and that there was no evidence of bad faith on the part of the board which would permit the court to hold that the action of the board was such that the board was without jurisdiction. On the contrary, the court concluded that the board erred but it erred within its jurisdiction and the plaintiffs failed to pursue the relief given them by statute, which provides:

"66.05 (3) Anyone affected by any such order shall within thirty days after service of such order apply to the circuit court for an order restraining the inspector of buildings or

other designated officer from razing and removing such building or part thereof or forever be barred. . . . The remedies herein provided shall be exclusive remedies . . ."

The court made findings of fact that in August of 1957, under the provisions of sec. 66.05, Stats., the town board issued an order condemning the Fairfield home as unsafe, insanitary, and too dilapidated to be repaired and that proper service of the order was made upon the plaintiffs in September of 1957 and all procedural requirements of said section were met by the town board; that plaintiffs ignored the order and commenced action in circuit court in September of 1958 to restrain the board from carrying out this condemnation order. The court also found as a fact that the structure in question was not unfit for human habitation.

The court concluded as a matter of law that the board did not act in bad faith and did act within its jurisdiction, and the plaintiffs failed to make use of the statutory remedy within thirty days and they are barred thereafter, whereupon the court entered judgment dismissing plaintiffs' action upon the merits.

Plaintiffs submit that the town clerk's records show that the board's order to destroy plaintiffs' home was invalid because made on August 25, 1957, which was a Sunday. We need not consider the effect of Sunday on the board's proceedings because its order was made September 13, 1957, not a Sunday. It was dated and signed by the board September 13th, served September 14th, and returned and filed as a town board record.

The testimony is clear and undisputed that the Glen Fairfield, upon whom the order was personally served on September 14, 1957, was the owner's agent in charge of the building, and there is no testimony that there is any holder of an incumbrance upon the premises.

We must agree with the learned trial court that the statutory procedure has been complied with and that any dispute

concerning the actual condition of the premises does not amount to a jurisdictional defect. If there was error by the board in finding the dwelling unfit for habitation, it is an error within the jurisdiction of the town board. The plaintiffs could take advantage of that, but only within the terms of the statute which deprive them of their exclusive remedy if they do not pursue it within thirty days.

Plaintiffs call our attention to the fact that on July 22, 1959, the legislature amended sec. 66.05, Stats., which (ignoring any constitutional consideration, see 48 Op. Atty. Gen. 184) would have required different procedure by the town board if the amendment was applicable. Not only the events in question preceded the enactment of the amendment but the action itself had been commenced and issue joined before that date. There can be no possible application of the amendment to this case.

The plaintiffs submit that the town board has passed no ordinance on the regulation of homes. But the statute does not require this as a condition to razing unsafe and insanitary buildings.

Plaintiffs also assert that equity should intervene to protect the plaintiffs and permit them to maintain their home and their property. Equity, however, cannot interfere when the statute itself provides an exclusive remedy and the plaintiffs failed to avail themselves of it.

*By the Court.*—Judgment affirmed.