Siskoy, Appellant, v. Walsh and another, Respondents.
*November 27—December 20, 1963.*

For the appellant there was a brief by *Tilg & Koch* and *Robert J. Vaneska,* all of Milwaukee, and oral argument by *Mr. Vaneska.*

For the respondents there was a brief by *Ruzicka, Fulton & Lloyd* of Burlington, and oral argument by *Patrick M. Lloyd.*

BROWN, C. J. The issue raised on appeal is whether filing in circuit court of the summons and complaint of appellant to restrain respondents from razing his building was a compliance with sec. 66.05 (3), Stats.

Under sec. 66.05, Stats., relating to municipalities, an inspector of buildings may order the owner of premises upon which a building is located to raze and remove a building which in his judgment is so old or dilapidated that it is dangerous, unsafe, unsanitary, or otherwise unfit for human habitation. The order must state a specific time in which the owner must comply. Sec. 66.05 (1) (a). If the owner fails or refuses to comply within the time period, the inspector shall remove the buildings, at the expense of the land. Sec. 66.05 (2) (a). In order for the person affected to obtain a judicial hearing on the question whether the order of the inspector is reasonable, that is, if the building in fact is dangerous, unsanitary, or unfit for human habitation, he must comply with sec. 66.05 (3) :

"Anyone affected by any such order shall within 30 days after service of such order apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing such building or part thereof or forever be barred. Hearing shall be had within 20 days and shall be given precedence over other matters on the court's calendar. The court shall determine whether the order of the inspector of buildings is reasonable, and if found reasonable the court shall dissolve the restraining order, and if found not reasonable the court shall continue the restraining order or modify it as the circumstances require. Costs shall be in the discretion of the court. If the court finds that the order of the inspector of buildings is unreasonable, the inspector of buildings or other designated officer shall issue no other order pursuant to the authority of this section in regard to the same building or part thereof until its condition is substantially changed. The remedies herein provided shall be exclusive remedies and anyone affected by

such an order of the inspector shall not be entitled to recover any damages for the razing and removal of any such building."

This subsection, as it expressly provides, is the exclusive remedy by which the party affected can obtain a judicial hearing. Failure to comply with it forfeits his right to a judicial hearing and gives the inspector the power to raze the building without a judicial determination.

The statute is designed to enable the inspector to act swiftly in order to prevent the public from any long exposures to the risks of an unsafe or unsanitary building. The specific time limitations imposed on the person affected are for that purpose. Although an appeal to the supreme court would extend the period of risk involved to the public if in fact the building is dangerous, this is within the legislature's wisdom.

The question raised is the meaning of the words "apply to the circuit court for an order" in sec. 66.05 (3), Stats. This must be answered before a court can determine whether appellant has complied with the statute.

Under ch. 269, Stats., relating to Practice Regulations, sec. 269.27, Stats., gives the meaning of an application for an order:

"MOTION DEFINED; WHEN AND WHERE MADE; STAY OF PROCEEDINGS. An application for an order is a motion. . . ."

Therefore, an application for an order must be construed to mean a motion. Sec. 990.01 (1), Stats.

By this construction of the meaning of the words "apply to the circuit court for an order," the person affected must move the circuit court for a restraining order. A temporary restraining order is then issued pending the hearing which is set within twenty days. Notice of the hearing in a case such as this, of course, must be given to the inspector.

Appellant did not comply with this procedure. He served a summons and complaint within the thirty-day period but

did not file them with the circuit court until after the expiration of the prescribed time, even if filing this complaint in court could be construed as an application or a motion for an order. Incidentally, we do not think it can be so construed. The affidavit's allegation to the contrary is merely a conclusion of law.

The law is well settled that where a statutory remedy is provided the procedure prescribed by the statute must be strictly pursued to the exclusion of others. *State ex rel. Russell v. Board of Appeals* (1947), 250 Wis. 394, 397, 27 N. W. (2d) 378. Because the remedy of sec. 66.05 (3), Stats., is expressly the exclusive one, the appellant had to comply with it strictly before he could avail himself of the hearing. The serving of the summons and complaint, although it commenced an action prior to the expiration period, was not a compliance with the requirement of the statute prescribing a time limit within which the application (or motion) must be made. The thirty-day period after service of the inspector's order to Siskoy lapsed before appellant made any application to the circuit court and any cause of action relating to the reasonableness of the inspector's order, also, expired. Therefore, the circuit court properly sustained respondents' demurrer because the statutory limitation period had run.

*By the Court.*—Judgment affirmed.

GORDON J. (*dissenting*). Wisconsin is dedicated to the principle of liberal construction of pleadings. Sec. 263.27, Stats.; *Merchandising Corp. v. Marine Nat. Exchange Bank* (1960), 12 Wis. (2d) 79, 83, 106 N. W. (2d) 317; *Boek v. Wagner* (1957), 1 Wis. (2d) 337, 342, 83 N. W. (2d) 916; 2 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), pp. 298, 299, sec. 19.06; see Page, Application of the Derogation Rule to the Code of Civil Procedure, 1955 Wisconsin Law Review, 91, 100, 101.

It seems to me consistent with the legislative requirements of sec. 66.05 (3), Stats., that one can "apply to the circuit court for an order" by means of a summons and complaint so long as the demand of the complaint requests the relief contemplated by the statute. This is precisely what the plaintiff did when, in his complaint, he demanded that an order be issued restraining the razing of his building. The summons and complaint were served within the thirty days required by sec. 66.05 (3).

The statute also requires that the court hear such matter within twenty days. This must be construed to be directory and not mandatory, since the legislature does not have the power to establish a circuit court's agenda. See *John F. Jelke Co. v. Beck* (1932), 208 Wis. 650, 660, 242 N. W. 576; Anno. 168 A. L. R. 1125. The twenty-day requirement is merely an expression by the legislature that the courts should hear such matters promptly. As so construed, the circuit court could give swift resolution of the plaintiff's demand, all consistent with the spirit of the statute.

The absence of legislative power to prescribe the courts' order of business is clearly asserted in *Atchison, T. & S. F. R. Co. v. Long* (1926), 122 Okla. 86, 89, 251 Pac. 486, 489, where the court struck down a statutory requirement that the district court must try a certain type of case within ten days after the answer. The court said:

"No one will deny that the legislative arm of the government has the power to alter and regulate the procedure in both law and equity matters, but for it to attempt to compel the courts to give a hearing to a particular litigant at a particular time, to the absolute exclusion of others who may have an equal claim upon its attention, strikes a blow at the very foundation of constitutional government. The right to control its order of business and to so conduct the same that the rights of all litigants may properly be safeguarded has always been recognized as inherent in courts, . . ."

It is my belief that the twenty-day provision in sec. 66.05 (3), Stats., adds no weight to the contention that a *motion* must be brought to qualify under the statute.

In sec. 260.03, Stats., an action is defined as a proceeding in which a party prosecutes another for (among other things) the "prevention of a wrong." Since the plaintiff sought to prevent a wrong, it was appropriate for him to proceed with a summons and complaint.

In my opinion, the legislative requirement that anyone affected by an order to raze a building should apply to the circuit court for an order of restraint is reasonably met by the service of a complaint which specifically demands such judicial relief. The legislature did not require in express language any specific mode for such application, and I find no persuasive reason for this court's precluding counsel's use of a summons and complaint.