CSO SERVICING CORPORATION, f/k/a Impact Technology
and Oakwood Investments, Inc. Plaintiffs-Appellants,

v.

CITY OF EAU CLAIRE, Defendant-Respondent.

Court of Appeals

*No. 94–3253. Submitted on briefs July 10, 1995.—Decided
July 25, 1995.*

(Also reported in 536 N.W.2d 731.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Erwin H. Steiner* of Eau Claire.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Frederick W. Fischer* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. CSO *Servicing Corporation* and Oakwood Investments, Inc., appeal a summary judgment granted in favor of the City of Eau Claire. CSO asserts that the trial court erred in granting summary judgment, asserting that its claim based on promissory estoppel and the alleged circumstances constituting the land contract with the City do not fall under the rubric of the exclusive remedies pursuant to § 66.05, STATS., the razing of buildings statute. Because we conclude that § 66.05(3), STATS., applies to remedies pertaining to raze orders only, we reverse and remand for further proceedings on CSO's promissory estoppel action.

## BACKGROUND

Oakwood Investments owned the property in question, which included an apartment building. After Oakwood conveyed the property on a land contract to Steven Kernan, it assigned its land contract vendor's interest to CSO. The City subsequently expressed an interest in purchasing the property. Consequently, the city council adopted a resolution to buy the property using community development block grants. It is alleged that CSO's president and the housing division administrator engaged in a telephone conversation in which the City wanted to acquire the property for the purposes of constructing a parking lot at a purchase price of $26,000. Allegedly, the telephone conversation also included discussion of CSO clearing title problems in order to convey clear title.

In order to clear the property's title, CSO commenced a land contract foreclosure against Kernan. Shortly thereafter, a foreclosure judgment was rendered. While the land contract foreclosure action was pending, the City issued an order to Kernan to vacate

the apartment building due to numerous health and safety violations pursuant to § 66.05, STATS. The City issued a condemnation order, and CSO did not challenge the razing of the building. Eventually, the building was razed.

Following the building's demolition, the City attempted to purchase the property at a substantially lower price because it was a vacant lot. CSO refused and initiated this lawsuit, essentially claiming that under the doctrine of promissory estoppel, the City was bound to its original purchase price of $26,000.

The City moved for summary judgment on three grounds, including: (1) CSO was barred because it did not appeal the condemnation order; (2) there are no facts supporting promissory estoppel; and (3) promissory estoppel is precluded by the statute of frauds. The trial court granted summary judgment to the City based on the first ground. It ruled that § 66.05, STATS., governed CSO's remedies and because CSO did not challenge the razing order under § 66.05, it was barred from asserting any claim against the City. The trial court did not address the City's contention that the statute of frauds barred the action or whether the facts support an action for promissory estoppel. CSO appeals.

## DISCUSSION

When reviewing a grant of summary judgment, we independently apply the same methodology as the trial court. *Kloes v. Eau Claire Cavalier Baseball Ass'n*, 170 Wis. 2d 77, 83, 487 N.W.2d 77, 79-80 (Ct. App. 1992).

We first examine the complaint to determine whether a claim has been stated and then the

answer to ascertain whether it presents a material issue of fact. If they do, we then examine the moving party's affidavits to determine whether a *prima facie* case for summary judgment has been made—in this case a defense which would defeat the plaintiff's claim. If it has, we look to the opposing party's affidavits to determine whether any material facts are in dispute which would entitle the opposing party to a trial. If there is no genuine issue of fact, we proceed to decide whether the moving party is entitled to judgment as a matter of law.

*Schultz v. Industrial Coils, Inc.,* 125 Wis. 2d 520, 521, 373 N.W.2d 74, 74-75 (Ct. App. 1985) (citations omitted; emphasis in original). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987).

The issue presented involves the construction and application of the razing and removal of buildings statute, § 66.05, STATS., which is a question of law that we review without deference to the trial court. *State v. Pham,* 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987). The purpose of statutory construction is to give effect to the legislative intent. *Zimmerman v. DHSS*, 169 Wis. 2d 498, 504, 485 N.W.2d 290, 292 (Ct. App. 1992). When determining legislative intent, we first examine the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Id.* at 504-05, 485 N.W.2d at 292.

CSO contends that it suffered damages because the City refused to honor promises upon which CSO relied, not because the building on its property was razed pursuant to § 66.05, STATS. Specifically, CSO

bases its claim upon the equitable theory of promissory estoppel and the alleged circumstances constituting the land contract with the City. Thus, CSO contends the exclusive remedies pursuant to § 66.05 are inapplicable. We agree.

Statutes must be construed to promote their purpose and objective. *Appleton v. Brunschweiler,* 52 Wis. 2d 303, 306, 190 N.W.2d 545, 547 (1971). Section 66.05, STATS., was designed to protect the public by permitting municipalities to raze and remove buildings found to be old, dilapidated or dangerous and considered a safety hazard. *Milwaukee v. Greenberg,* 163 Wis. 2d 28, 42, 471 N.W.2d 33, 38 (1991); § 66.05(1)(a), STATS. Section 66.05(3), STATS., sets forth the procedure for the owner or affected party to challenge the reasonableness of the building inspector's razing order. The pertinent language of § 66.05(3) states:

> Anyone affected by any such order shall within the time provided by s. 893.76 [30 days] apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing the building or part thereof and restoring the site to a dust-free and erosion-free condition or forever be barred. The hearing shall be held within 20 days and shall be given preference. The court shall determine whether the order of the inspector of buildings is reasonable, and if found reasonable the court shall dissolve the restraining order, and if found not reasonable the court shall continue the restraining order or modify it as the circumstances require. Costs shall be in the discretion of the court. If the court finds that the order of the inspector of buildings is unreasonable, the inspector of buildings or other designated officer shall issue no other order under this section in

regard to the same building or part thereof until its condition is substantially changed. *The remedies provided in this subsection are exclusive remedies and anyone affected by such an order of the inspector shall not be entitled to recover any damages for the razing and removal of any such building* and the restoration of the site to a dust-free and erosion-free condition. (Emphasis added.)

This remedy is deemed exclusive, allowing the owners thirty days to apply to the circuit court for a temporary restraining order prohibiting the municipality or building inspector from proceeding with the razing until the court has had the opportunity to review the reasonableness of the order. *Donley v. Boettcher,* 79 Wis. 2d 393, 405, 255 N.W.2d 574, 579 (1977); *Brunschweiler,* 52 Wis. 2d at 306-07, 190 N.W.2d at 547. Our supreme court has repeatedly held that a party that fails to pursue a remedy under § 66.05(3) forfeits the right to a judicial hearing on the razing order. *Gehr v. Sheboygan,* 81 Wis. 2d 117, 124, 260 N.W.2d 30, 34 (1977).

Examining the language of § 66.05, STATS., we conclude that the statute is unambiguous and tailored to the razing of property. The purpose and objective of the statute is to protect the public from exposure to seriously deteriorated buildings. *Id.* To further this objective, a procedure for determining whether a building is to be razed is set forth. *See* § 66.05(1), STATS. Additionally, § 66.05(3), STATS., gives the owner the opportunity to contest the reasonableness of the razing order. The focus of § 66.05(3) is the circuit court's inquiry in determining whether an inspector's razing order is reasonable. Section 66.05(3) is not so broad as to preclude the parties from litigating an independent cause of action; therefore, the statute does not bar rem-

edies relating to a municipality's conduct giving rise to other causes of action unrelated to the razing.

Here, CSO's promissory estoppel action is based upon the City's alleged failure to keep its promise to purchase the property for $26,000 after the land contract foreclosure. It is not seeking damages for the razing and removal of the building, but enforcement of the promise to purchase the property. We conclude that § 66.05, STATS., is not the exclusive remedy under these facts. Because the trial court relied solely on § 66.05 to dismiss CSO's promissory estoppel action, we remand this matter for further proceedings.[1]

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

---

[1] Due to our conclusion, we need not address CSO's argument regarding proper service under § 66.05, STATS. This argument is not necessary to the determination of the promissory estoppel claim.