Jim SMITH, Plaintiff-Appellant,

v.

Tracy WILLIAMS, City of Milwaukee, John Doe,
Larry Chinn d/b/a Larry Chinn Enterprises, Inc.,
and Western Heritage Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 00–3399. Submitted on briefs September 12, 2001.—Decided
November 29, 2001.*

2001 WI App 285

(Also reported in 638 N.W.2d 635.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mark P. Murphy* of Wauwatosa.

On behalf of the defendants-respondents, Tracy Williams, City of Milwaukee, and John Doe, the cause was submitted on the brief of *Grant F. Langley*, city attorney, and *Beverly A. Temple*, assistant city attorney of Milwaukee.

On behalf of the defendants-respondents, Larry Chinn, d/b/a Larry Chinn Enterprises, Inc., and Western Heritage Insurance Company, the cause was submitted on the brief of *Jeffrey J. P. Conta* of *Cook & Franke S.C.*, Milwaukee.

Before Vergeront, P.J., Dykman and Roggensack, JJ.

¶ 1. VERGERONT, P.J.    Jim Smith brought an action against the City of Milwaukee, Building Inspector Tracy Williams, and Contractor Larry Chinn alleging various damages that resulted from the razing of buildings on Smith's property.[1] The razing was carried out pursuant to an order issued by the City under Wis. Stat. § 66.05(1m) (1997–98).[2] The circuit court dismissed Smith's claims because it concluded that under § 66.05(3) Smith's sole remedy was to seek a restraining order against the razing by challenging the reasonableness of the raze order. Smith appeals, contending that the circuit court erred in its interpretation of § 66.05(3). We agree. We conclude that the exclusive remedy provision of § 66.05(3) applies only to claims premised on the reasonableness of the order to raze. We

---

[1] We will refer to the City of Milwaukee and the building inspector collectively as "the City" unless it is necessary to distinguish between them. Smith also sued Chinn's insurer, Western Heritage Insurance Company.

[2] The legislature renumbered Wis. Stat. § 66.05 (1997–98) to Wis. Stat. § 66.0413 (1999–2000) and amended the statute; however, the renumbering and amendments to § 66.05 do not affect our analysis, which applies equally to § 66.0413 (1999–2000). The remedy of § 66.05(3) is stated in § 66.0413(1)(h) (1999–2000).

All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

therefore reverse the judgment and the order of dismissal and remand for further proceedings.

## BACKGROUND

¶ 2.   The complaint as amended alleges the following. Smith owns a seven-acre lot in the city of Milwaukee on which three commercial buildings were located. Smith's property was condemned, and shortly thereafter Smith received an order to demolish, raze, and dispose of the buildings. Smith pursued an administrative appeal that was unsuccessful.[3] Smith then applied to the City for a permit allowing him to raze the buildings and the City denied that application. Instead the City granted Chinn's application for a permit to raze Smith's buildings. The contract between the City and Chinn required Chinn to remove all debris from the property, including all buildings on site, sidewalks, driveways, slabs, parking slabs, and concrete steps. In addition, Chinn was to grade the site to the level of the lot grade adjoining Smith's property. Chinn razed the buildings.

¶ 3.   The complaint alleges that Chinn used improper "fill" on the property, which included rubber- and oil-based materials; buried large pieces of concrete and approximately thirty truck tires on the property; raised the grade of the property approximately three feet over three-quarters of the property; filled the property's drainage ditch; negligently pierced various storage tanks causing the discharge of a discolored liquid on the property; and illegally imported and dumped at least

---

[3] Under WIS. STAT. § 66.05(10)(a), a first-class city may adopt by ordinance provisions governing the razing of a building and restoration of the property. In Milwaukee, an appeal of a razing order is made to the "standards and appeals commission." MILWAUKEE, WIS., CODE OF ORDINANCES § 218–4 (1998).

424

one semitrailer load of scrap wood and other trash upon his property. The complaint also alleges that Chinn and the City breached their duty of reasonable care during the razing of the building by failing to discover and correct violations of applicable laws and regulations concerning the razing and restoration of the property. Smith seeks damages for breach of contract as a third-party beneficiary, nuisance, trespass, waste, and a "taking."

¶ 4. The complaint also contests as "unreasonable, arbitrary, capricious, unjust, [and] oppressive" the amount that "will or has become a lien" on Smith's property for the cost of razing his buildings. Finally, Smith alleges that in the process of razing the buildings, Chinn stripped all steel and other salvageable items worth $10,000 for his own benefit without properly crediting Smith.

¶ 5. The City and Chinn each brought a motion to dismiss the complaint on the ground that WIS. STAT. § 66.05(3) was Smith's exclusive remedy for challenging the raze order and he therefore could not maintain an action to recover damages. In addition, the City moved to dismiss based on governmental immunity under WIS. STAT. § 893.80(4) and failure to file a notice of claim under § 893.80(1)(a).

¶ 6. The circuit court granted Chinn's motion to dismiss.[4] The court ruled that because Smith did not

---

[4] Smith also alleges in his complaint that Building Inspector Tracy Williams imposed arbitrary and unreasonable conditions upon Smith's application for a permit to raze, and therefore both Williams and the City violated Smith's civil rights. The record suggests that Smith's constitutional claims against the City and Williams are still pending. Therefore, the entire matter in litigation between Smith and the City and Williams has not been disposed of, and as to the City and Williams, a final

follow through with his administrative appeal of the raze order, Wis. Stat. § 66.05(3) precluded him from making any claim with regard to the result of the razing.[5] The court did not rule on the City's immunity and notice of claims defenses.

---

judgment or order has not yet been entered. Wis. Stat. § 808.03(1) (1999–2000). Smith cannot file an appeal as of right of the order dismissing his claims related to the razing against the City and Williams. However, Smith's claims against Chinn are identical to the razing claims against the City and Williams and all claims against Chinn have been dismissed. That judgment of dismissal is a final judgment from which Smith can appeal as of right. *Culbert v. Young*, 140 Wis. 2d 821, 825, 412 N.W.2d 551 (Ct. App. 1987) (a judgment may be final as to one defendant and not final as to another defendant).

Because the issue whether Wis. Stat. § 66.05(3) bars this action is identical as to Chinn, the City, and Williams, we construe Smith's notice of appeal from the judgment dismissing Chinn as a petition for leave to appeal the order dismissing the nonconstitutional claims against the City and Williams, and we grant the petition. Wis. Stat. § 808.03(2) (1999–2000).

[5] With their motion to dismiss, the City filed a transcript of the administrative hearing which indicates that Smith did not appear because the cost of the repairs compared to the value of the buildings made repairs presumptively unreasonable, and, thus a public nuisance. Wis. Stat. § 66.05(1m)(b). The commissioners decided the raze order was reasonable. It appears the circuit court considered the transcript and was referring to Smith's failure to appear when it mentioned Smith's failure to follow through with the administrative appeal. Generally on a motion to dismiss, the court considers only the complaint; if matters outside the complaint are submitted and not excluded by the court, the motion then becomes one for summary judgment, and the procedure for a summary judgment motion governs. Wis. Stat. § 802.06(2)(b). The parties and the court here appear not to have treated the motion as one for summary judgment. For purposes of our statutory analysis, it does not

DISCUSSION

¶ 7. We independently review a circuit court's decision to grant or deny a motion to dismiss for failure to state a claim. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 311–12, 529 N.W.2d 245 (Ct. App. 1995). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. *Id.* at 311. We assume that the facts alleged in the complaint are true and liberally construe the pleadings, dismissing only if it is clear that under no conditions can the plaintiff recover. *Id.*

¶ 8. Smith argues that the circuit court incorrectly interpreted Wis. Stat. § 66.05(3) to bar this action. He contends the exclusive remedy provision in that subsection relates only to challenging the reasonableness of the order to raze and not to claims arising from acts that occur while carrying out the raze order—specifically, torts committed in carrying out the raze order, challenges to the reasonableness of the costs of razing, and damages for the removal of salvage for which he did not receive a credit. We are thus presented with an issue of statutory interpretation, a question of law, which we review de novo. *CSO Servicing Corp. v. City of Eau Claire*, 196 Wis. 2d 77, 82, 536 N.W.2d 731 (Ct. App. 1995). The purpose of statutory construction is to give effect to the legislature's intent. *Id.* We first examine the language of the statute itself and if that

matter whether Smith pursued his administrative appeal, lost, and did not seek judicial review, as the allegation in the complaint suggests, or did not appear at the administrative hearing. Therefore, we will confine our analysis to the allegations in the complaint.

plainly expresses the legislative intent, we apply that language to the facts at hand. *Id.*

¶ 9. When interpreting disputed language in a statute, we do not consider those words in isolation but in the context of the entire statute. *Alberte v. Anew Health Care Services, Inc.*, 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515. We therefore begin with a brief overview of WIS. STAT. § 66.05. Section 66.05(1m) authorizes municipalities, under prescribed conditions, to order the owner of real estate upon which a dilapidated building is located to raze and remove the building and restore the site to a dust-free and erosion-free condition. If the owner does not comply within the time prescribed in the order, the municipality may cause the building to be razed and removed and restore the site to a dust-free and erosion-free condition through a public agency or by contract with private persons; the municipality may charge the costs in full or in part against the real estate, and if the municipality does so, the charge is a lien upon the real estate and may be assessed and collected as a special tax. Section 66.05(2)(a).[6]

¶ 10. The procedure for challenging a raze order is set forth in WIS. STAT. § 66.05(3), which provides:

> Anyone affected by any such order shall within the time provided by s. 893.76 apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing the building or part thereof and restoring the site to a dust-free and erosion-free condition or forever be barred. The hearing shall be held within 20 days and shall be given preference. The court shall determine whether the

---

[6] The municipality may also prosecute an action to obtain compliance with the raze order. WIS. STAT. § 66.05(2)(b).

order of the inspector of buildings is reasonable, and if found reasonable the court shall dissolve the restraining order, and if found not reasonable the court shall continue the restraining order or modify it as the circumstances require. . . . If the court finds that the order of the inspector of buildings is unreasonable, the inspector of buildings or other designated officer shall issue no other order under this section in regard to the same building or part thereof until its condition is substantially changed. *The remedies provided in this subsection are exclusive remedies and anyone affected by such an order of the inspector shall not be entitled to recover any damages for the razing and removal of any such building and the restoration of the site to a dust-free and erosion-free condition.* (Emphasis added.)

¶ 11. WISCONSIN STAT. § 893.76 provides that the application for a restraining order under WIS. STAT. § 66.05(3) must be made within thirty days of service of the order issued under § 66.05(1m) "or be barred."

¶ 12. The language in WIS. STAT. § 66.05(3) provides a procedure for obtaining a court review of the reasonableness of the raze order; that is plainly the only issue the court is to determine, and the only relief authorized is a restraining order against razing and removing[7] the building. The phrase "[t]he remedies provided in this subsection are exclusive" means that a person who objects to a raze order has no remedy other than to apply to the circuit court for a restraining order within the prescribed time limit. If a person does not do that, there is no other way to stop the razing: the razing will go ahead. That phrase and the rest of the

[7] In this opinion we use the term "razing and removing the building" to also include "restoring the site to a dust-free and erosion-free condition," rather than repeating the latter phrase each time.

last sentence—"and anyone affected by such an order . . . shall not be entitled to recover any damages for the razing and removal of any such building and the restoration of the site to a dust-free and erosion-free condition"—make clear that if a person does not make use of the procedure to obtain a restraining order within the prescribed time limits, and the razing and removal occurs, that person may not later claim a raze order was unreasonable and recover damages for the razing and removal of the building. The sentence also makes clear that if a court determines that an order to raze is reasonable, the affected person has no claims for damages based solely on the razing and removal of the building.

¶ 13. Since the only issue the court may decide in a proceeding under Wis. Stat. § 66.05(3) is whether the raze order is reasonable, and since the court decides this issue before the razing and removal of the building occurs, it is not possible—either as a matter of statutory construction or a matter of logic—for a court in that proceeding to review the claims that Smith asserts in this action.

¶ 14. The circuit court reasoned that since Smith did not follow through with his challenge to the raze order, the last sentence in Wis. Stat. § 66.05(3) precluded him from any of the relief he sought in his complaint. However, Smith concedes the raze order was reasonable. Therefore no purpose would have been served in pursuing his request for a restraining order. And even if he had done so and was ultimately unsuccessful, the circuit court in this case would apparently still have concluded that Smith could not proceed with this action. In actuality, under both the circuit court's view and those of the City and Chinn, it is not Smith's

430

failure to fully pursue his remedy under § 66.05(3) that bars this action. Rather, it is the language of § 66.05(3), which, in their view, bars any claims of any nature arising from acts related to carrying out the raze order.

¶ 15. We consider first this proposed interpretation of WIS. STAT. § 66.05(3) with respect to the tort claims that Smith asserts in his complaint. While the plain language of § 66.05(3) bars damages for the razing and removal of a building carried out pursuant to a raze order, we see nothing in the language of § 66.05(3), nor any other subsection, that indicates a legislative intent to bar claims for torts committed in the carrying out of the order.

¶ 16. Chinn and the City cite a number of cases which, they contend, support the proposition that failure to pursue the remedy in WIS. STAT. § 66.05(3) forfeits the property owner's right to any judicial hearing on any matter related to the carrying out of a raze order. However, in each of these cases the property owner was challenging the reasonableness of the raze order, and the cases either involve the issue of whether the person affected by the raze order had timely and properly challenged its reasonableness,[8] or whether the

---

[8] *Gehr v. City of Sheboygan*, 81 Wis. 2d 117, 122–25, 260 N.W.2d 30 (1977) (upholding trial court's finding that owner was served with raze order and that owner's failure to commence a timely action in circuit court barred owner's argument that raze order was defective); *Gimbels Midwest, Inc. v. Northwestern Nat. Ins. Co. of Milwaukee*, 72 Wis. 2d 84, 96–98, 240 N.W.2d 140 (1976) (insurer barred from making a showing that building could have been repaired because insurer did not timely seek to restrain enforcement of raze order); *Berkoff v. Department of Bldg. Inspection & Safety Eng'g of Milwaukee*, 47 Wis. 2d 215, 215–17, 177 N.W.2d 142 (1970) (application to circuit court for temporary restraining order timely even if service of

court was correct in its determination made with respect to an application for a restraining order.[9] These cases do not aid in resolving the issue before us on this appeal.

application and resulting order was made after thirty days); *Siskoy v. Walsh*, 22 Wis. 2d 127, 130–31, 125 N.W.2d 574 (1963) (filing summons and complaint with the circuit court to restrain raze order after expiration of the time limit was untimely even though city was timely served with summons and complaint); *Fairfield v. Wolter*, 10 Wis. 2d 521, 526–27, 103 N.W.2d 523 (1960) (trial court properly dismissed application to review raze order, even after court found raze order was not reasonable, because owner did not seek timely review). The City also cites *Mohr v. City of Milwaukee*, 101 Wis. 2d 670, 677–79, 305 N.W.2d 174 (Ct. App. 1981), as support for its argument that Wis. Stat. § 66.05(3) is Smith's exclusive remedy. We held there that the mortgagor's and mortgagee's contempt proceeding against the city for razing a building in violation of the foreclosure court's injunction was barred because the action was not a timely challenge to the city's raze order as required by § 66.05(3). However, the supreme court reversed our decision and concluded the City was properly held in contempt for violating the foreclosure court's injunction. *Mohr v. City of Milwaukee*, 106 Wis. 2d 80, 88, 315 N.W.2d 504 (1982).

[9] *Baker v. Mueller*, 222 F.2d 180, 183 (7th Cir. 1955) (owner, who had obtained restraining order preventing razing of building, was barred by Wis. Stat. § 66.05 from pursuing action to hold building inspector personally liable for acting within inspector's official duties); *Donley v. Boettcher*, 79 Wis. 2d 393, 403, 255 N.W.2d 574 (1977) (appeal of trial court's order requiring specified repairs and from an order denying motion to modify court's original order); *Posnanski v. City of West Allis*, 61 Wis. 2d 461, 468, 213 N.W.2d 51 (1973) (upholding trial court's finding that raze order was reasonable because owner had failed to demonstrate that repairs could be completed for less than 50% of equalized value of the property); *City of Appleton v. Brunschweiler*, 52 Wis. 2d 303, 309, 190 N.W.2d 545 (1971) (holding that if the cost of repairs to a building are unreasonable under the statute, the building must be razed even though it could be made safe by unreasonably costly repairs).

¶ 17.    Chinn also relies on *Oosterwyk v. Corrigan*, 19 Wis. 2d 464, 120 N.W.2d 620 (1963) (*Oosterwyk II*), arguing that this case is precedent for the proposition that a property owner may not recover any damages arising out of or related to the manner in which a raze order is carried out. We do not agree that *Oosterwyk II* decides this issue, or even suggests that this is the correct outcome.

¶ 18.    The procedural history necessary to understand *Oosterwyk II* is complicated, and involves the prior case of *Oosterwyk v. City of Milwaukee,* 7 Wis. 2d 160, 96 N.W.2d 372 (1959) (*Oosterwyk I*). In May 1951, Oosterwyk sought a restraining order to prevent the razing of a building pursuant to an order served on him in November 1950; the circuit court dismissed that action as untimely and the supreme court dismissed the appeal upon motion. *Oosterwyk II,* 19 Wis. 2d at 474–75. In November 1952, Oosterwyk brought another action contesting the validity of the raze order, which the circuit court also dismissed as untimely. *Id.* Oosterwyk did not appeal this dismissal. *Id.*

¶ 19.    After the City razed the building in January 1953, Oosterwyk brought an action against the building inspector seeking damages for wrongfully destroying all buildings and personal property stored on the premises, and contesting the amount of the resulting lien charged against the real estate. *Id.* at 466–68, 474, 480. The circuit court determined that the only issue properly before it was whether the evidence was sufficient to support the lien charged against the property and it dismissed the other claims as barred by Wis. Stat. § 66.05(3). *Id.* at 478–79.[10] A jury found the

---

[10] The circuit court determined that because a report regarding costs is required under Wis. Stat. § 66.05(5) and (2), the

amount of the lien was reasonable. *Id.* at 479. The only issue appealed was whether there was sufficient evidence to uphold the jury's finding on the reasonableness of the lien, and the supreme court affirmed. *Oosterwyk I*, 7 Wis. 2d at 163.

¶ 20.  *Oosterwyk II* began when Oosterwyk filed another action containing substantially the same claims as in Oosterwyk's prior actions but adding a claim for false arrest, an incident that occurred prior to and in connection with the razing. *Oosterwyk II*, 19 Wis. 2d at 480. The supreme court in *Oosterwyk II* concluded the statute of limitations barred the false arrest claim and res judicata barred all the other claims. *Id.* at 479–80. In recounting the procedural history of *Oosterwyk I*, the court in *Oosterwyk II* quotes the circuit court's ruling in the prior case dismissing all the claims except for the reasonableness of the lien, *id.* at 474–79, and it is on that quoted language that Chinn relies. Even if that circuit court ruling supports Chinn's position,[11] that ruling was never appealed and therefore the supreme court in *Oosterwyk I* never decided whether it was correct. The supreme court in *Oosterwyk II* did not

court had jurisdiction to inquire into the reasonableness of the items reported. *Oosterwyk v. Corrigan*, 19 Wis. 2d 464, 477–78, 120 N.W.2d 620 (1963) (*Oosterwyk II*). The circuit court determined that § 66.05(3) did not bar such an action because the owner did not yet have the opportunity to be heard on the matters related to the report. *Id.*

[11] In *Oosterwyk I*, the complaint alleged that the razing of the building itself was wrongful, and most, if not all, the damages alleged appeared to flow from the razing itself. Therefore, when the circuit court made the following comments, it may have simply meant that, since Oosterwyk did not challenge the order to raze and to remove personal property as unreasonable, he could not recover damages based solely on the carrying out of those orders:

either, because it dismissed that complaint on res judicata grounds. Neither of these cases can be read as suggesting that the supreme court considered and decided that WIS. STAT. § 66.05(3) bars claims for damages from tortious acts committed while carrying out a raze order.

¶ 21. Chinn contends that if we do not adopt the circuit court's interpretation of WIS. STAT. § 66.05(3), we will be thwarting the purpose of the statute as articulated in the case law. The overall purpose of § 66.05 is to protect the public by permitting municipalities to raze and remove buildings that are deemed dilapidated or dangerous and considered a safety hazard. *CSO Servicing Corp.*, 196 Wis. 2d at 83. The time limitation in § 66.05(3) enables a building inspector to act swiftly in order to prevent the public from any long exposures to the risks of an unsafe or unsanitary building. *Siskoy*

---

The constitutionality and validity of statutes such as sec. 66.05, Stats., including also the lien provisions, has been sustained. . . . These cases establish the constitutionality of using the police power for the purpose of authorizing the demolition and removal, at the expense of the owner of faulty, dangerous, or unsanitary structures.

Thus it is concluded that the town cannot be held liable in this action for the alleged damages to the plaintiffs, since the proceedings followed were those authorized by the statute, sec. 66.05.

Furthermore, as to both defendants, the statute, sec. 66.05(3), in its last sentence, provides that "anyone affected by such an order of the inspector shall not be entitled to recover any damages for the razing and removal of such building," which provision is included in (5) of that section as to personal property, by virtue of the last sentence of that subsection. Since the proceedings followed were within sec. 66.05, Stats., both defendants have the protection of those provisions.

*Oosterwyk II*, 19 Wis. 2d at 476–77.

*v. Walsh*, 22 Wis. 2d 127, 130, 125 N.W.2d 574 (1963). We do not see how allowing an affected person to recover for torts committed in the carrying out of a raze order interferes with the municipality's ability to act swiftly to protect the public by razing and removing a dilapidated or dangerous building. The time requirements of § 66.05(3) are not "eviscerated," as Chinn suggests: a failure to challenge the reasonableness of the order within thirty days allows the city in all cases to proceed promptly to carry out the order.

¶ 22. Chinn also contends that if WIS. STAT. § 66.05(3) does not prevent property owners from seeking all damages for any acts connected with carrying out a raze order, they will benefit by bringing "harassing" lawsuits. We do not find this argument persuasive. A property owner will not recover damages unless he or she is able to prove the elements of the tort alleged. If lawsuits are harassing or frivolous, there are well-established sanctions available. *See* WIS. STAT. §§ 802.05(1)(a) and 814.025 (1999–2000).

¶ 23. We conclude that the plain language of WIS. STAT. § 66.05(3) provides the exclusive remedy for challenging the reasonableness of a raze order; if the razing is not prevented through use of the procedures established in § 66.05(3), an affected person may not recover damages for the razing and removal of a building carried out pursuant to that order on the ground that the order was not reasonable. However, we also conclude that the plain language of § 66.05(3) does not preclude an affected person from seeking damages for torts committed in carrying out a raze order that are not premised on the wrongfulness or unreasonableness of the order. We emphasize, however, that acts that are implicitly or explicitly authorized by the order are not

436

torts. *See Mohr v. City of Milwaukee*, 101 Wis. 2d 670, 676–77, 305 N.W.2d 174 (Ct. App. 1981) (city's destruction of building under raze order entered pursuant to § 66.05 is legislatively sanctioned and therefore does not constitute trespass), *reversed on other grounds by*, 106 Wis. 2d 80, 315 N.W.2d 504 (1982).

¶ 24.   We reach the same conclusion with respect to challenges to the amount of a lien for the costs of carrying out a raze order. WISCONSIN STAT. § 66.05(3) does not refer at all to the costs of carrying out a raze order; that is addressed in § 66.05(2)(a). At the time of the proceeding under § 66.05(3), the cost of the razing and removing and thus, the amount of the lien, is unknown; indeed, it may not be known whether there will even be a lien since the owner has the option of razing the building himself or herself. It is not reasonable to construe the last sentence of § 66.05(3) to prevent an affected person from challenging the amount of the costs of the razing and removal they are charged with, and there is no language in § 66.05(2)(a), or anywhere else in § 66.05, that indicates this intent.

¶ 25.   Moreover, in *Oosterwyk I*, 7 Wis. 2d at 165–66, as we have already noted, the supreme court reviewed a property owner's challenge to the reasonableness of the lien and affirmed the amount as reasonable. While it does not appear that the municipality challenged Oosterwyk's ability to contest the reasonableness of the lien, and therefore the supreme court did not expressly address that issue, *Oosterwyk I* is, at

the least, consistent with the proposition that the owner of the real estate may challenge the reasonableness of the lien.[12]

¶ 26. Finally, we consider Smith's claim that Chinn removed $10,000 worth of salvage for which he did not receive a credit. WISCONSIN STAT. § 66.05(2)(a) provides that when an order to raze and remove a building has been issued, the municipality or designated person:

> may sell the salvage and valuable materials at the highest price obtainable. The net proceeds of such sale, after deducting the expenses of such razing, removal and restoration of the site to a dust-free and erosion-free condition, shall be promptly remitted to the circuit court with a report of such sale or transaction, including the items of expense and the amounts deducted, for the use of the person who may be entitled thereto, subject to the order of the court. If there remains no surplus to be turned over to the court, the report shall so state.

██

¶ 27. Our reasoning concerning Smith's claim that the lien is unreasonable applies with equal force to his claim that Chinn removed valuable salvage property without crediting him. WISCONSIN STAT. § 66.05(3) does not address salvageable property; § 66.05(2)(a) does. It is therefore not reasonable to construe the last sentence in § 66.05(3) as preventing a property owner from challenging the removal of valuable salvageable property without crediting the owner; and no language

---

[12] We observe that it is uncertain from Smith's amended complaint whether a lien has been imposed against his property. If a lien has not been imposed, Smith's claim may not be ripe for judicial determination.

in § 66.05(2)(a) or any other section of § 66.05 suggests this. Indeed, by requiring in § 66.05(2)(a) a report and accounting to the court when salvageable property is sold, the legislature has established a procedure entirely separate from that in § 66.05(3) to deal with salvageable property. This is another reason that it is unreasonable to read the last sentence in § 66.05(3) as barring claims regarding salvageable property.

¶ 28. We recognize that WIS. STAT. § 66.05(2)(a) provides that the municipality or designee "*may* sell the salvage and valuable materials" (emphasis added), and the crediting and reporting is required only with respect to the "net proceeds" of such sale. However, even if the statute does not require the sale, it also plainly does not authorize the municipality or designated person to derive a benefit from "the salvage and valuable materials" that are not credited to the charges against the owner for the costs of razing and removing the building.

¶ 29. In summary, we conclude that WIS. STAT. § 66.05(3) does not bar Smith from asserting claims for torts committed in the carrying out of the raze order that are not premised on the wrongfulness or unreasonableness of the order. We also conclude that § 66.05(3) does not bar Smith's challenge to the reasonableness of a lien imposed if one has been imposed. Finally, that section does not bar a claim that salvage and valuable materials have been removed from the real estate for the benefit of the contractor without giving the owner a credit against the charges for the costs of razing and removing. Section 66.05(2)(a). Because the circuit court dismissed the entire complaint based on an erroneous interpretation of § 66.05(3), we reverse the order of dismissal and remand for further proceedings. We do not decide whether any claim Smith

has asserted does not fit into one of these three categories because the parties' briefs do not address this issue. Nothing in our opinion prevents the circuit court from taking up this issue on remand. We also emphasize that nothing in our decision prevents either the City or Chinn from pursuing other defenses either may have to the claims that are not barred by § 66.05(3).

*By the Court.*—Judgment and order reversed and cause remanded.